GULF CITY TRUST CO. v. SUSAN C. HARTLEY ET AL.

Decided January 17, 1899.

1. Estoppel—Judgment.

An agreement whereby one is to acquire all of the assets of a corporation except so much thereof as may be sufficient to effect a settlement between the corporation and the plaintiffs in an action of trespass to try title against it, does not estop such one to acquire title to land covered by a decree entered as the result of the settlement which did not in fact belong to either party to the action, although he would be estopped to acquire title to any property belonging to the corporation.

2. Same—Fraud Necessary.

Fraud, actual or imputed, in the conduct of the party complained of, and injury from the fraud of the party complaining, are essential elements in every equitable estoppel.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Scott, Levi & Smith,* for appellant.

*Terry & Ballinger,* for appellee Hartley.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellant to recover of appellees about 200 acres of land, as alleged by the petition, a part of the Amos Edwards league, situate in the county of Galveston. The petition averred that plaintiff claimed the title under the grant to Edwards, and that appellees claimed title under the grant of 640 acres of land to John Rogers, and that the Edwards was the senior of the two grants; and the petition described the land sued for as being a portion of the Edwards league, with which the Rogers survey conflicted.

The appellees Martin were vendees of the appellee Hartley, and prayed for judgment over against their vendor in case of recovery by plaintiff. Appellee Hartley pleaded not guilty, and specially, that in a certain suit between herself, her vendees, the appellees Martin, and the Galveston Trust Company, and R. A. Reese, receiver of said company, the land in controversy had been decreed to her and her vendees, and which decree was assented to by M. Lasker, under whom appellant claimed title; and who was but a volunteer under Lasker. The cause was tried by the court without the intervention of a jury, and judgment was rendered for the defendants, and the plaintiff appealed. There are several assignments of error, but they will not be considered seriatim. The judge found from the evidence that the title to the land in controversy was in the plaintiff, but that it was estopped from recovering the same because of a certain agreement between M. Lasker, who represented certain creditors of the Galveston Trust Company, and creditors of one L. F. Menage, and of a certain partnership known as the North Galveston Association, of the first part, and Messrs. Willie, Campbell & Ballinger, attorneys for the Minneapolis Trust Company, the plaintiff, in a suit then pending in the District Court of Galveston County, against the Galveston Trust Company, wherein plaintiff was seeking to recover a debt from said defendant, of the second part; and by reason of the judgment recited in the answer of the defendant Hartley to this suit. The suit in which said judgment was rendered was one of trespass to try title, instituted by the appellees Martin against the Galveston Trust Company, and the receiver of its property, R. A. Reese; and who, by authority from said District Court of Galveston County, which appointed him receiver of said property, compromised the suit with said plaintiffs and with the intervener, Mrs. Hartley; whereby the plaintiffs and intervener obtained a decree vesting title in them to the land in controversy.

We agree with the trial court that the title to the land in controversy is vested in appellant; but we are unable to discover anything in the record which estops appellant from recovery of the property. As we interpret the contract between M. Lasker and Messrs. Willie, Campbell & Ballinger, it pertained solely to the acquisition by Lasker, through the instrumentality of Willie, Campbell & Ballinger, of title to all of the assets of the Galveston Trust Company, saving and excepting so much thereof as might be sufficient to effect a settlement between the appellees and the said company, the former claiming title to the land here in controversy, and suing the latter for the recovery thereof; and such contract had no refer-

ence to the acquisition of any property by Lasker, other than that owned by said trust company. Now, the land in controversy, as is shown by the evidence, and from the finding of the trial court as well, was never any part of the assets of the Galveston Trust Company; and consequently the District Court of Galveston County was without power or authority to decree said land to the appellees in said suit, and such decree could not preclude Lasker from acquiring title to the property; his agreement with Messrs. Willie, Campbell & Ballinger, as we have seen, having reference only to the acquisition by him, through their agency, of the assets of the said trust company. The facts bearing upon the question under consideration are, as we deduce them from the evidence, substantially these: Menage acquired title to the Edwards league, and a part of that league he conveyed to the Galveston Trust Company, in trust, for the use of the North Galveston Association, and of which association he was a member; but the portion of the league so conveyed was outside of the Rogers 640 acres survey, and did not include any part of the land in controversy. Menage and the North Galveston Association were debtors of Messrs. Lord & Thomas, a commercial firm, whose claim was controlled by Lasker, and which claim, by his agreement with Messrs. Willie, Campbell & Ballinger, was to be made available by him in securing title to the assets of said trust company. And upon this claim suit was instituted by Lord & Thomas, and judgment obtained against Menage and said association, and under that judgment levies were made on all of Menage's interest in the Edwards league, and his interest and the interest of the North Galveston Association in that part of said league owned by the trust company; and through sale under this levy, of Menage's separate, individual estate in the Edwards league, Lasker acquired title to the land in controversy, and from him the appellant derives its title as a volunteer. It is insisted that, as Lasker knew of the intention of the parties to have rendered the decree, pleaded by appellees in estoppel, and consented thereto, he is estopped from claiming the land in controversy as against the appellees. Lasker was not a party to that suit, nor was Menage, and there is no privity between him and appellees; and by the terms of the contract with Willie, Campbell & Ballinger he consents only that the Galveston Trust Company might dispose of so much of its land to appellees as might be necessary to adjust the matter in dispute between the parties. He did not consent that a decree might be rendered vesting title in the appellees of any property owned by Menage; and if the appellees and the Galveston Trust Company were mistaken as to the boundary of the lands of the latter, he is not responsible for the mistake. By consent to an adjustment of the litigation between the appellees and the company, over the boundary between their lands, Lasker did not mislead the appellees as to what lands were owned by the defendant, and what by Menage, in the Edwards league. It is said also by the trial court in its findings of law and fact that Lasker, being a prospective purchaser of the assets of the Galveston Trust Company, was interested in having the litigation between that company and the appellees terminated; and that there was a conflict in the

boundaries of the lands of the defendant company and the 640 acres survey granted to Rogers and owned by the appellees, and the decree having settled the question of boundary between these lands, Lasker should not be permitted to claim the land decreed to appellees. Lasker would not be permitted to claim any part of the lands of the Galveston Trust Company which might have been decreed to appellees in that suit, but to hold that he is estopped, under such circumstances, from subsequently purchasing land embraced in that decree, to which neither the appellees nor the Galveston Trust Company had title, is, in our opinion, erroneous. While Lasker was doubtless anxious to have the litigation between these parties concluded, the facts show that it was not to his interest, or those he represented having claims against Menage, to have any part of his property appropriated by either the Galveston Trust Company or the appellees.

The court finds the title to the land in controversy to be in the appellant, and it could not, therefore, have been in the Galveston Trust Company at the time it was decreed to appellees, and their relation to the property is therefore just what it was before the decree was rendered; their condition is neither better nor worse for the decree. Nor have appellees been injured by the conduct of Lasker. At the time of the decree the land was the property of Menage, and since then it has, by sale under execution at the suit of Menage's creditors, become the property of the appellant. Fraud, actual or imputed, in the conduct of the party complained of, and injury from the fraud to the party complaining, are essential elements in every equitable estoppel, and we find none of these in the facts of this case.

The judgment is reversed, and judgment is rendered for appellant for the land sued for, and the cause is remanded for adjudication between the defendants Martin and their vendor, the defendant Hartley.

*Reversed and rendered.*

Writ of error refused.