CLARKE v. A. B. FRANK CO. (No. 6541.)

(Court of Civil Appeals of Texas. Galveston. April 30, 1914. Rehearing Denied May 28, 1914.)

1. VENUE (§ 5*)—TRESPASS TO TRY TITLE— REMOVAL OF CLOUD FROM TITLE—STATUTORY PROVISIONS.

Under Rev. St. 1911, art. 1830, 'subd. 14, providing that suits for the recovery of lands, to quiet title thereto, and to remove incum-

brances thereon, must be brought in the county where the land lies, the district court of the county where land lies has jurisdiction of a 'suit of trespass to try title to the land, and to remove a cloud from the title, cast by a claim of defendant to a lien under a deed of trust, and a judgment of the district court of another county foreclosing the lien.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. § 5.*]

2. APPEAL AND ERROR (§ 754*) — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Where a temporary injunction was dissolved long before the trial of the case, the authority of the trial court to issue the injunction ·could only be material on the question of costs, which could not be considered in the absence of an assignment of error presenting it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. § 754.*]

3. APPEAL AND ERROR (§ 499*) — QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — RULINGS ON PLEADINGS.

Where the record does not show any ruling on a demurrer and exceptions to the petition, nor that any demurrer or exceptions were filed, an assignment of error complaining of the refusal to sustain a demurrer and special exception cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

4. APPEAL AND ERROR (§ 742*) — QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — RULINGS ON PLEADINGS.

An assignment of error complaining of the failure of the court to sustain a general demurrer and a special exception to the supplemental petition, not followed by a proposition as required by the rules, nor by any statement disclosing what special exceptions were presented, or what ruling was made thereon, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. MORTGAGES (§ 499*)—FORECLOSURE—JUDGMENT.

Where a judgment foreclosing a mortgage was procured by fraud of the mortgagee and one of the mortgagors for the purpose of defrauding the mortgagor's creditors, the court properly refused to recognize and foreclose the lien established by the judgment as against the other owners of the property, and a provision in the judgment reviving the money judgment against the mortgagor who was a party to the fraud did not affect the part of the judgment refusing to establish the lien.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1478–1485; Dec. Dig. § 499.*]

6. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — PROPOSITION.

An assignment of error complaining of the admission of evidence, not followed by a proposition, and not a proposition in itself, cannot, be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. MORTGAGES (§ 151*)—PRIORITIES.

A judgment foreclosing a senior mortgage, notwithstanding the payment of the debt, with intent to defraud creditors of the mortgagor, does not affect the right of a junior lienholder, who was not a party to the suit, and the junior lienholder, by such payment, became a first lienholder.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307, 309–311, 314–329, 332–336; Dec. Dig. § 151.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

**8. JUDGMENT (§ 486\*)—COLLATERAL ATTACK.**

A judgment foreclosing a mortgage, after payment of the debt secured, is void as to a junior lienholder and creditor of the mortgagor, who is not a party to the suit, and he may, as authorized by Rev. St. 1911, art. 3966, collaterally attack the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 919–923; Dec. Dig. § 486.\*]

Appeal from District Court, Walker County; S. W. Dean, Judge.

Action by the A. B. Frank Company against Charles Clarke and others, prosecuted after the death of Charles Clarke against Charles Clarke, Jr., as administrator. From a judgment for plaintiff, defendant Charles Clarke, Jr., administrator, appeals. Affirmed.

Geo. G. Clough, of Galveston, and Hill & Elkins, of Huntsville, for appellant. Dean, Humphrey & Powell, of Huntsville, for appellee.

PLEASANTS, C. J. This suit was originally brought by appellee, a private corporation, against Charles Clarke, Bettie Ward, Lula Ward, Katie Ward, and Minnie Ward. The suit is one of trespass to try title, and for partition. The land involved is an undivided one-fourth interest in three several tracts of land in Walker county, fully described in the petition. In addition to the proper and usual allegations in an action of trespass to try title, and for recovery of rents and damages, the original petition, filed on November 9, 1908, alleges in substance that the defendants Ward are the owners of an undivided four-fifths of the land described in the petition, and are cotenants with plaintiff, the owner of an undivided one-fifth, and said defendants have excluded plaintiff from the possession of said premises, and have collected and appropriated all of the rents and revenues arising therefrom, and have failed and refused to pay plaintiff its portion of said rents, which it is alleged amounts to the sum of $2,000; that the defendant Charles Clarke has no interest in said lands, but is asserting some claim of title thereto, the exact nature of which is unknown to plaintiff, and the assertion of which casts a cloud upon the plaintiff's title. This petition then sets out the title under which plaintiff claims; the title so alleged being deraigned through deeds of trust executed by R. H. Ward and defendants Lula Ward and Katie Ward on February 6 and February 11, 1898, respectively, and judgment of foreclosure and sale thereunder. It is then alleged that plaintiff is informed that defendant Clarke is asserting some right, title, or interest in the lands under a deed of trust executed by R. H. Ward and A. J. Ward to Charles Clarke, Jr., trustee for R. T. Ervin & Co., executed on January 3, 1898, and a judgment of the district court of Wharton county foreclosing the lien created by said deed of trust rendered in said court on May 14, 1900, in suit styled G.

C. Gifford & Co. v. R. H. Ward et al., which judgment was transferred to Charles Clarke without recourse on May 19, 1900, and a certified copy thereof was recorded in the deed records of Walker county on April 18, 1907; but no order of sale or execution was issued upon said judgment until October 31, 1907. The petition further alleges:

"That plaintiff further represents and shows to the court that the indebtedness of R. H. Ward and A. J. Ward to R. T. Ervin & Co., described in the deed of trust from the said R. H. and A. J. Ward to Charles Clarke, Jr., trustee as aforesaid, was paid off and discharged long prior to the institution of the suit of G. C. Gifford & Co. against R. H. Ward et al., in the district court of Wharton county, Tex., and before the rendition of said judgment, as aforesaid, by reason whereof said judgment was void, and of no force and effect ab initio.

"The plaintiff further represents and charges the fact to be that said suit was instituted and judgment obtained by fraud and collusion between the parties thereto. and for the sole purpose of hindering and delaying the creditors of the said R. H. Ward, and especially this plaintiff, which was then, and for a long time prior thereto had been, a creditor of the said R. H. Ward.

"Plaintiff further represents and charges the fact to be:

"That prior to the institution of the suit by G. C. Gifford & Co. against the said R. H. Ward et al., in the district court of Wharton county, Tex., and before the rendition of the judgment in said cause, there had been a full and complete settlement of all the matters between the said R. H. Ward and the said R. T. Ervin & Co., whereby all and singular the entire indebtedness at any time theretofore owing by the said R. H. Ward to the said R. T. Ervin & Co. was fully paid off, satisfied, and discharged, and the original deed of trust given to R. T. Ervin & Co. was satisfied and delivered over to this plaintiff. That the note declared on in the said suit of G. C. Gifford & Co. v. R. H. Ward et al. was executed on the 3d day of January, 1898, by R. H. Ward and A. J. Ward in favor of R. T. Ervin & Co., a partnership firm alleged and purporting to have been composed of R. T. Ervin and Charles Clarke, which said note was for the principal sum of $4,000, and was payable one day after date to the order of the said R. T. Ervin & Co., at Wharton, Tex. That said note was not transferred before the maturity thereof, and in due course of trade, but was fraudulently and fictitiously transferred by the said R. T. Ervin & Co. more than one year after the due date thereof, to wit, on or about the 23d day of March, 1899, without consideration, and for the sole and only purpose of concealing the assets of the said R. H. Ward from his creditors, and for the purpose of putting the apparent title of the property of the said R. H. Ward described in said trust deed securing said note, beyond the reach of his creditors, and beyond the reach of this plaintiff.

"That, by reason of the premises, the defendant Charles Clarke is asserting some right, title, lien, or claim against the lands and premises hereinbefore described, and is threatening to cause an order of sale to be issued out of the district court of Wharton county, Tex., upon the said judgment for the purpose of having the lands and premises hereinbefore described sold to satisfy said fraudulent and fictitious judgment; and the said Charles Clarke has theretofore caused to be issued out of the district court of Wharton county, Tex., in said cause, an order of sale, and caused the same to be levied upon said premises, and if the defendant Charles Clarke shall be permitted to cause said lands

and premises to be sold by virtue of an order of sale issued, or hereafter to be issued by the district court of Wharton county, Tex., upon said pretended, fictitious, and void judgment, the same will cause a cloud upon the plaintiff's title in and to said land and premises, and will result in great and irreparable damage and injury to this plaintiff.

"That the plaintiff has no adequate remedy at law to prevent the damage and injury threatened by the defendant Charles Clarke, and invokes this honorable court's most gracious writ of injunction to restrain and prohibit the defendant Charles Clarke from attempting to seize or cause to be seized and sold said lands and premises under said pretended, void, and fictitious judgment, and commanding him to refrain during the pendency of this suit from further attempting to have said lands and premises seized, levied on, sold, or conveyed under and by virtue of any order of sale heretofore issued or hereafter to be issued out of the district court of Wharton county, Tex.

"Wherefore, premises considered, plaintiff prays the court that the defendants be cited in terms of law to appear and answer this petition; that the writ of injunction be granted as hereinbefore prayed for, and that upon a hearing hereof the plaintiff recover the title to and possession of the lands and premises hereinbefore described; that it be quieted in its title to and possession thereof; that it have judgment canceling and declaring void, and of no force and effect, the judgment of the district court of Wharton county, Tex., in cause No. 2987, styled G. C. Gifford & Co. v. R. H. Ward; that the defendant Charles Clarke be perpetually enjoined from causing an order of sale or execution to be issued out of said court upon said judgment, and be perpetually enjoined from causing to be sold the lands and premises hereinbefore described, under any process heretofore issued, or that may be hereafter issued out of said court upon the said judgment; that the plaintiff have judgment for the restitution and partition of said premises, and for its share and interest in the rental value of said premises, and in the rents and revenues collected by the defendants Bettie, Lula, Katie, and Minnie Ward from said premises for the years 1907 and 1908; that commissioners of partition be appointed to partition and divide said lands and premises among the parties plaintiff and defendants as the court may find them to be entitled, and for such other and further relief, both general and special, legal and equitable, to which the plaintiff may be entitled, as in duty bound it will ever pray."

Upon the filing of this petition, a temporary injunction was granted as prayed for; but it appears from the record that by its terms said injunction was only to remain in force until the next term of the court after the suit was filed. On October 4, 1910, the following order was made and entered in the minutes of the trial court:

"A. B. Frank Company v. Charles Clarke et al.

"In the District Court of Walker County, Texas. On this the 4th day of October, A. D. 1910, the above cause was called, and it appearing to the court that the preliminary order for injunction in said cause has never been extended beyond the first day of the term of court to which the writ of injunction was returnable, and that the injunction heretofore granted in this cause at the instance of the plaintiff has lapsed, and it is here now adjudged that said injunction has lapsed, and is not in force, and the cause is continued generally, but with the express provision that said injunction is not to continue in force."

Plaintiff's third amended petition, upon which the cause was tried, was filed on April 3, 1911. This petition is against Charles Clarke, Jr., as administrator of the estate of Charles Clarke, deceased, Lula Ward, Katie Ward, Minnie Ward, and J. W. Farris, sheriff. After the usual allegations in a suit of trespass to try title, it is alleged that since the filing of the original petition the defendant Bettie Ward had died, and her one-fifth interest in the land had vested in her three sisters, Lula, Katie, and Minnie, and her brother, R. H. Ward, and that plaintiff had purchased and was the owner of the one-twentieth interest so inherited by said R. H. Ward, which, added to the one-fifth interest owned by plaintiff at the institution of the suit, made plaintiff's interest in said land an undivided one-fourth. Plaintiff does not plead its title in this petition.

After alleging that the defendant Charles Clarke, neither as administrator nor individually, has any right or title to said land, the petition proceeds:

"But said defendant Charles Clarke, Jr., individually or as administrator of said estate, or in both capacities, is asserting some claim of title in and to said premises, the exact nature of which is unknown to plaintiff, and is asserting some kind of claim under a certain deed of trust executed by R. H. Ward and A. J. Ward to Charles Clarke, Jr., for the benefit of R. T. Ervin & Co., on the 3d day of January, 1898, which said deed of trust is of record in volume D, pp. 198 to 203, inclusive, of the real estate mortgage records of Walker county, Tex., and is also asserting some kind of lien under and by virtue of a judgment of the district court of Wharton county, Tex., rendered on May 14, 1900, in the suit of G. C. Gifford & Co. v. R. H. Ward et al., in which the aforesaid trust deed was merged, and wherein there was a foreclosure of the lien undertaken to be created in said trust deed to secure the judgment therein rendered in favor of the plaintiff for the sum of $4,945, with interest from the date of said judgment at the rate of 10 per cent. per annum, and for the sum of $494.55 as attorney's fees, as well as all costs of suit.

"The aforesaid trust deed was merged in the judgment foreclosing the pretended lien thereof. The plaintiff says that said trust deed and the judgment in which the same was merged are now of no force and effect for that the said trust deed and the indebtedness therein described was fully paid off and satisfied by the said R. H. Ward, and by the securities other than said land placed with the said R. T. Ervin & Co. by the said R. H. Ward and A. J. Ward and others to secure the payment of said indebtedness, and said trust deed and judgment into which the same were merged are of no force and effect for the further reason that there was no execution or other process sued out or issued on said judgment within 12 months after the rendition of said judgment, said judgment and lien are now wholly barred by the statute of limitation of 10 years.

"The assertion of claim of title to and the assertion of claim of the existence of said lien upon said premises by the said Charles Clarke, either in his individual capacity or as administrator aforesaid, casts a cloud upon plaintiff's title and interest in and to said land and premises; and the defendant J. W. Farris is also asserting some claim to said premises, the nature of which is unknown to plaintiff, but which constitutes and is a cloud upon plaintiff's title thereto.

"Wherefore, premises considered, plaintiff prays that upon a hearing hereof it have judgment for the title and possession of its undi-

vided one-fourth interest in said lands and premises, and judgment removing the cloud from its title caused by the assertion of claim thereto or lien upon same by the defendant Charles Clarke, individually and as the administrator of the estate of Charles Clarke, Sr., deceased, and for the removal of the cloud upon its title occasioned by the assertion of claim to said premises by the defendant J. W. Farris, as aforesaid, and for judgment for the restitution and partition of said premises, and for its share and interest in the rental value of said premises and the rents and revenues collected by the defendants Lula, Katie, and Minnie Ward therefrom for the years 1907, 1908, 1909, and 1910, respectively; that commissioners of partition be appointed to divide and partition said lands and premises among the parties, the plaintiff and the said defendants Lula, Katie, and Minnie Ward, as the court may find them, respectively, entitled; that plaintiff have judgment for all costs in this behalf incurred, and for such other and further relief, both general and special, as it may be entitled in law or equity."

On October 9, 1911, defendant Charles Clarke filed his first amended answer, in which, after pleading a defect of parties, he denies generally the allegation of plaintiff's petition, and pleads not guilty. This answer also contains the following:

"And for further answer herein, without waiving in any manner any or either of the foregoing answers and pleas, but expressly relying upon the same, the defendant Chas. Clarke comes and says:

"That on and about the 3d day of January, 1898, R. H. Ward and A. J. Ward made, executed, and delivered their certain deed of trust to Charles Clarke, Jr., as trustee for the use of Ervin & Co., and conveyed to said trustee, for the better securing of one promissory note of $4,000 and interest, their undivided two-thirds interest in and to the lands and premises described in the petition of the plaintiff. That said deed of trust, and the lien thereby created, and the debt therein secured, is owned and held by the estate of Charles Clarke, of which the defendant Charles Clarke, Jr., is administrator, or by the estate of Charles Clarke, Sr., deceased, May Ervin, Robt. Ervin, and Mary Ervin jointly, as charged in the petition of the plaintiff. That the same is a valid and existing debt and lien. That on and about the 2d day of January, 1909, it was agreed by and between the heirs of Charles Clarke, deceased, May Ervin et al., and the trustee in said deed of trust mentioned, that George C. Clough, of the county of Galveston and state of Texas, be appointed to collect, for the purposes of distribution among the parties thereto entitled, all the remaining assets of the estate of Charles Clarke, deceased, which included his interest in the deed of trust and the debt thereby secured above mentioned, and that said George C. Clough has been appointed in writing by the heirs of Charles Clarke, deceased, and by the survivor in community, the wife of the said Charles Clarke, Sr., and by the administrator of the estate of Charles Clarke, deceased, and by all the parties interested in said note and deed of trust, as a substitute trustee, under the powers conferred in said deed of trust, with all the powers and authority of the said Charles Clarke, Jr., trustee aforesaid.

"That acting under such power and the appointment so made, and by virtue of the authority conferred upon such substitute trustee in said deed of trust, the said substitute trustee has levied upon and posted notices advertising said two-thirds interest for sale, at public outcry before the courthouse door of Walker county, Tex., on November 7, 1911, between the legal hours of sale, to satisfy the debt herein se-

cured to be paid, and in accordance with the terms of said deed of trust.

"That the plaintiff claims title to an undivided one-fifth and to a remaining one-twentieth by and through and under a deed of trust made and executed by R. H. Ward, under date of February 26, 1898, or through other instruments executed subsequent to the deed of trust owned by the estate of Charles Clarke, Sr., and that, at the time of the acceptance of said instruments through which the plaintiff claims, it had full knowledge, actual and constructive, of the existence of the outstanding deed of trust owned and held by Charles Clarke, Sr., et al., and that it fully ratified and confirmed the validity of the said deed of trust, and contracted to and with said R. H. Ward and with the grantors in the plaintiff's conveyances, if any, with the knowledge of their existence, and fully ratified and confirmed the validity of the deed of trust claimed by the estate of Charles Clarke, Sr., et al., and the debt therein secured, and by reason of all of which the plaintiff is estopped to question the validity of the deed of trust aforesaid, or the existence of the debt therein secured to be paid.

"Wherefore, premises considered, it is prayed that the suit of plaintiff be abated, for want of proper and necessary parties, as hereinbefore stated and prayed for; but, should same be denied, then it is prayed that the defendants herein go hence without day and recover their costs, and that if any character of judgment or relief be awarded to the plaintiff, or to any of the defendants or parties to this suit, that the rights of the estate of Charles Clarke, Sr., et al., in and to said deed of trust to the debt herein mentioned, and of the said George C. Clough, substitute trustee aforesaid, be preserved, and that should the debt mentioned not be paid on or before the 7th day of November, 1911, or the day of sale, that the decree herein rendered, if any be rendered the plaintiff or any other party to this action, shall not in any manner affect the force and validity of the said sale to be made, or the title therein to be conveyed, but the decree herein, if any, shall be without prejudice to the rights of any purchasers at such sale, if such sale shall take place.

"And defendants pray for such other and further relief as they might be hereunto entitled at law or in equity on the case made, and for all costs of court in this behalf incurred."

In a second supplemental petition filed by the defendant Clarke on March 11, 1912, said defendant, by way of cross-action, sets up the judgment of the district court of Wharton county in the case of Gifford & Co. v. R. H. Ward et al. in favor of plaintiff in said suit for the sum of $4,945.55, with interest at 10 per cent. from the date of said judgment, May 14, 1900, and the further sum of $494.55 attorney's fees, and foreclosing a mortgage lien against the interest of R. H. Ward, Lula Ward, Bettie Ward, Katie Ward, and Minnie Ward, defendants in said judgment, in the land in controversy in this suit; the transfer of said judgment to Charles Clarke, deceased, for a valuable consideration, the appointment of said defendant as the administrator of the estate of said Charles Clarke; that no part of said judgment has been paid; that said R. H. Ward some time in the year 1903 left the state of Texas and has been continuously absent since said time; that Bettie Ward died intestate on or about the 5th day of January, 1909, and no administration was taken out on her estate; and that defendant administrator, by an order

of court issued on January 5, 1908, was enjoined from attempting to collect said judgment or to levy an order of sale or execution upon the lands upon which the lien was foreclosed by said judgment, which injunction was dissolved on October 4, 1910. This cross-bill then presents the following allegations and prayer:

"Your petitioner herein would show to the court that no order of sale or execution issued on the said judgment of Gifford v. Ward et al. within 12 months after the rendition thereof, and to the end that the estate your petitioner is appointed administrator upon may have and receive the right, title, benefit, and advantage accruing to each by reason of being the owner of the said judgment and liens sought to be enforced and foreclosed therein, your petitioner prays that notice of the filing of this cross-action be served upon the defendants R. H. Ward, Lula Ward, Katie Ward, and Minnie Ward, individually, and as heirs at law of Bettie Ward, deceased, and as heirs at law of A. J. Ward, deceased, and upon final hearing hereof that they have judgment against the said R. H. Ward, Lula Ward, Katie Ward, and Minnie Ward for the amount of their debt as represented by the amount of said judgment No. 2987, entitled Gifford & Co. v. Ward et al., in the district court of Wharton county, Tex., with interest and costs, and that the liens mentioned and described in said judgment upon the lands therein described be enforced and foreclosed, and the same be sold by proper order of sale, and the proceeds thereof applied to the satisfaction of the plaintiff's debt, with interest and cost; and your petitioner prays for such other and further relief as he might be hereunto entitled to at law or in equity on the case made, and for all costs of court in this behalf incurred or expended."

The answer of defendants Ward to plaintiff's petition need not be set out; it being sufficient to say that they entered a general denial and plea of not guilty, and especially pleaded the invalidity of plaintiff's claim of title to a portion of the land for which plaintiff sues.

The pleadings of plaintiff and the defendant Clarke are voluminous and consist of numerous supplemental answers and petitions, and also "amended supplemental pleadings."

From the confusing mass of allegations and averments contained in the pleadings, we believe we have stated all that is pertinent to issues presented by appellant's brief.

The trial in the court below, without a jury, resulted in a judgment in favor of plaintiff against all of the defendants for an undivided one-fourth interest in all of the lands described in the petition, except two tracts of 183½ and 21½ acres, respectively, which were adjudged to the defendant Minnie Ward, and against the defendants Lula, Katie, and Minnie Ward for the sum of $626.-42 rents. It was further adjudged that defendant Charles Clarke on his cross-action have and recover of defendant R. H. Ward the sum of $4,945.55, with interest at 10 per cent. from May 14, 1900, and the further sum of $494.55, with interest at 6 per cent. from last-named date, but that he take nothing on his prayer for foreclosure of

lien claimed by him on the property in controversy. It was further adjudged:

"That the cloud upon plaintiff's title to the land herein adjudged to plaintiff, occasioned by the assertion by the defendant Charles Clarke, Jr., either as administrator aforesaid, or in his individual capacity, of a lien upon said land or any part of it, on account of the execution by R. H. Ward and A. J. Ward to the said Charles Clarke, Jr., as trustee for R. T. Ervin & Co., of a trust deed for the benefit of R. T. Ervin & Co., on the 3d day of January, 1898, which said trust deed is of record in volume D, pp. 198 to 203, inclusive, of the real estate mortgage records of Walker county, Tex., on account of the assertion of the claim of a lien by said defendant Charles Clarke, Jr., as administrator, or in his individual capacity, and by virtue of a judgment of the district court of Wharton county, Tex., rendered May 14, 1900, in the suit of G. C. Gifford & Co. v. R. H. Ward, be removed."

Costs were adjudged in favor of plaintiff against the defendant Clarke, in so far as same were incurred by reason of the issues raised by said defendant against plaintiff. The defendants Lula, Minnie, and Katie Ward were each adjudged the owners of an undivided one-fourth of all of the land, except the two tracts before mentioned, which were adjudged to defendant Minnie Ward. Partition was ordered in accordance with the foregoing.

[1] The first assignment of error, which is presented as a proposition, is as follows:

"The court erred in assuming jurisdiction and authority to hear and determine this cause and suit, because this suit was commenced and continued by plaintiff A. B. Frank Company as a suit to cancel and declare void a judgment of the district court of Wharton county, Tex., and the district court of Walker county is without jurisdiction or authority so to do."

It is manifest from the foregoing statement of the pleadings that this suit is not one to cancel and declare void the judgment of the district court of Wharton county set out in plaintiff's petition, but is a suit of trespass to try title to lands situated in Walker county brought against appellant and other defendants, and to remove cloud from title cast by the claim of appellant to a lien upon said lands under the deed of trust described in the petition and a judgment of the district court of Wharton county foreclosing the lien given by said deed of trust. There can be no question that the petition presented a cause of action of which the trial court had jurisdiction, and that appellant's general demurrer was properly overruled. Section 14, art. 1830, Revised Statutes 1911.

Whether or not the appellee could in this proceeding be permitted to question the validity of the judgment of the district court of Wharton county is a question not raised by this assignment of error.

[2] Nor is the question of the authority of the district court of Walker county to issue the temporary injunction restraining the execution of the judgment of the district court of Wharton county involved in this appeal. The record shows that the injunction

was dissolved long before the trial of the cause in the court below, and the authority of the court to issue the injunction would only be material upon the question of costs; and there is no assignment presenting such question.

We think it clear that the court did not err in assuming jurisdiction to hear and determine this cause, and the first assignment of error above set out must be overruled.

[3] The second assignment of error complains of the refusal of the court to sustain appellant's general demurrer and special exception to plaintiff's first amended original petition.

The record does not show any ruling of the court in the demurrer and exception mentioned in the assignment, and in facts fails to show that any such demurrer or exception was filed by appellant. In this state of the record the assignment is worthless.

[4] The third assignment, which complains of the failure of the court to sustain appellant's general demurrer and special exception to plaintiff's first supplemental petition, it without merit. The assignment is not followed by a proposition as required by the rules, and we are not advised by any statement under the assignment what special exceptions were presented to the plaintiff's first supplemental petition, nor what ruling was made by the court on such exceptions. We have already held, in passing upon the first assignment of error, that the general demurrer to the petition was properly overruled.

[5] The fourth assignment of error and the proposition thereunder are as follows:

"The court erred in denying the defendant Clarke a decree foreclosing his judgment lien upon the property described in his cross-action against R. H. Ward et al., and in rendering a money judgment in favor of the defendant Clarke against R. H. Ward only."

#### Proposition.

"The defendant Clarke, as administrator of the assignee, brought cross-action after the court had overruled his demurrer, and taken jurisdiction of the case against the original defendants in the Wharton county suit to revive the judgment if the same was dormant as against the defendants only in such judgment. The defendants answered generally only; but the plaintiff in the suit not a party to the cross-action pleaded in his original suit that the debt forming the basis of the judgment sought to be revived was paid before its rendition, and the judgment was thus obtained by fraud. The judgment of the trial court on the cross-action was for the administrator for a money judgment only against R. H. Ward, but without foreclosure, and we assert that as the only attack made by the plaintiff in his suit against the judgment was that the debt upon which the judgment was based was paid before its rendition, that a money judgment in favor of the defendant in the cross-action, but denying him a foreclosure, was error."

As we understand this proposition, the contention is that, the court having rendered a money judgment on appellant's cross-action against the defendant R. H. Ward for

the amount due upon the Wharton county judgment, it necessarily follows that judgment should have been rendered foreclosing a lien upon the property described in said cross-bill. The proposition is not sound. The judgment of the court being in favor of plaintiff upon the issue of the payment of the indebtedness for which the mortgage lien foreclosed in the Wharton county judgment was given, and the issue of the procurement of said judgment by fraud and collusion on the part of plaintiff therein and R. H. Ward for the purpose of defrauding the creditors of said Ward, and the evidence being sufficient to support such findings, it was proper to render judgment refusing to recognize and foreclose the lien established by said judgment against the owners of the property not guilty of the fraud, and the fact that the judgment revived the money judgment against R. H. Ward, who was a party to the fraud, does not affect the portion of the judgment refusing to establish a lien on the land.

[6] The fifth assignment of error is as follows:

"The court erred in admitting and receiving evidence over the objection of defendant Chas. Clarke, administrator, offered by the plaintiff making an attack upon the title of the defendant Chas. Clarke, administrator, based upon the judgment No. 2987, in the case of Gifford v. Ward et al., rendered in the district court of Wharton county, Tex., and assigned to the estate of Chas. Clarke, deceased; such judgment being a foreclosure of the first mortgage or deed of trust lien on the property described in plaintiff's petition, such evidence so admitted over the objection of the defendant being in substance as follows."

Here follows a descriptive list of various instruments and records and the names of a number of witnesses who testified in the case.

[7] The assignment cannot be considered. It is not followed by a proposition as required by the rules, and under no possible construction of its language can it be regarded as being in itself a proposition of law. If, however, the assignment could be considered, it should not be sustained. From the statement following the assignment, it appears that the objection made by appellant to the evidence was that it was not competent for plaintiff in this suit to show the invalidity of the judgment of the district court of Wharton county. As we have before shown, plaintiff is not seeking in this suit to set aside that judgment, in so far as it affects the parties thereto, but contends that because of the facts that the debt for which the mortgage lien which was foreclosed in said suit was given was paid before the judgment of foreclosure was rendered, and said judgment was obtained by the fraud and collusion of the plaintiff in said suit and the defendant R. H. Ward, with intent to defraud the creditors of said Ward, such judgment did not affect the right of plaintiff, who was a junior lienholder and creditor of said Ward, and was not a party to said suit. We think this con-

tention is sound, and therefore the trial court properly permitted plaintiff to prove the facts on which it is based.

[8] Plaintiff held a valid lien upon the land which, after the payment of the debt for which the lien foreclosed in the Wharton county judgment was given, became a first lien upon the property. After the payment of such debt, it was not competent for the district court of Wharton county in a suit in which plaintiff was not a party to establish and foreclose, as against plaintiff, the lien given to secure said debt, thereby making said lien superior to that of plaintiff's. As to plaintiff, such judgment was void, and the general rule which forbids a collateral attack upon the judgment of a court of competent jurisdiction has no application. Green v. Robertson, 30 Tex. Civ. App. 236, 70 S. W. 345; McCoy v. Crawford, 9 Tex. 357; Trust Co. v. Hartley, 20 Tex. Civ. App. 180, 49 S. W. 902; Masterson v. Little, 75 Tex. 682, 13 S. W. 154; Railway Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60.

It is also the law that a decree obtained to delay, hinder, or defraud creditors is void as to creditors, and subject to collateral attack. Article 3966, R. S. 1911; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815.

The sixth, seventh, and eighth assignments seek to present in another form the question we have hereinbefore passed upon, and it is unnecessary to discuss said assignments, and each of them is overruled.

The ninth assignment is without merit.

The record fails to show that the trial court sustained the exceptions stated in the assignment. The pleadings present no question of limitation against plaintiff's right to show that the judgment under which appellant claims a lien upon the land was fraudulent and void.

It follows from the conclusions before expressed that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.