## FIDELITY UNION FIRE INS. CO. et al. v. FIRST NAT. BANK OF CROSBYTON et al. (No. 3252.)

Court of Civil Appeals of Texas. Amarillo. June 12, 1929.

Collins & Houston, of Dallas, for appellants.

Goree, Odell & Allen, of Fort Worth, and W. P. Walker, of Crosbyton, for appellees.

JACKSON, J. This suit was instituted in the district court of Crosby county, Texas, by the plaintiffs, the First National Bank of Crosbyton, Tex., a national banking institution, and Chesley Smith, against the defendants Fidelity Union Fire Insurance Company, a corporation, and H. G. Corbin, J. W. Wellman, and V. A. Collins, heretofore doing business under the partnership name of the Texas Realty Mortgage Company.

The plaintiffs allege that the First National Bank of Crosbyton is doing business in Crosby county, Texas, and that Chesley Smith resides in McLennan county, Texas; that the Fidelity Union Fire Insurance Company has an office and agent in Dallas county, Texas, and that the other defendants all reside in Dallas county, Texas; that on April 22,

1921, Chesley Smith owned section 27, lot 2, containing 640 acres of land, which is situated in Crosby county, Texas; that on said date said land was incumbered by a deed of trust lien, given to the Investors' Mortgage Company to secure a note for the sum of $7,500 executed to said company; that Chesley Smith, being desirous of refinancing said loan and procuring additional money on said section of land, entered into negotiations with the Texas Realty Mortgage Company to secure a loan on said land for that purpose; that such negotiations resulted in an agreement between him and the Texas Realty Mortgage Company that said company would make a loan to Smith out of which the $7,500 note should be paid; that in pursuance to such agreement Chesley Smith and his wife, on April 22, 1921, executed and delivered to the Texas Realty Mortgage Company one note for $12,500, one note for $1,000, and two notes each for the sum of $750, and contemporaneously therewith executed a deed of trust to H. G. Corbin, as trustee, to secure the payment of the last-mentioned notes to the Texas Realty Mortgage Company, a copartnership composed of H. G. Corbin, J. W. Wellman, and V. A. Collins; that the notes and deed of trust to said mortgage company were executed upon the agreement that said company would pay off and discharge the note for $7,500, with the accumulated interest thereon; that as a part of the consideration for the notes and deed of trust to the Texas Realty Mortgage Company it agreed to pay said $7,500 note and discharge the lien securing the payment thereof; that, instead of paying off and discharging said $7,500 incumbrance, as agreed, said mortgage company appropriated to its own use and benefit said $7,500, and for the purpose of concealing from plaintiffs the fact that said $7,500 had not been paid, said company from the year 1921 to 1926, inclusive, paid the interest on said $7,500 loan; that the representations and promises made to Chesley Smith by the Texas Realty Mortgage Company, that it would pay off and discharge the $7,500, were false and fraudulent, and made for the purpose of inducing Smith and his wife to execute and deliver the notes and deed of trust to the Texas Realty Mortgage Company, and that said company never at any time intended to keep such promises; that the plaintiffs believed said $7,500 had been paid and discharged, and did not know until June, 1928, that said indebtedness had not been paid, and that the Texas Realty Mortgage Company had failed to keep such promises; that on January 19, 1923, Smith and his wife conveyed said section of land to the First National Bank of Crosbyton, Tex., for a valuable consideration, subject only to the notes and deed of trust lien executed to the Texas Realty Mortgage Company, and, believing that the $7,500 indebtedness had been dis-

charged as agreed, represented to said bank that said debt had been paid, and warranted the title against all incumbrances save and except the deed of trust lien executed to the Texas Realty Mortgage Company.

Plaintiffs allege that the Fidelity Union Fire Insurance Company now claims to be the owner and holder of the note for $12,500 secured by the deed of trust to the Texas Realty Mortgage Company, and also claims to be the owner and holder of the note and lien for $7,500 that had been executed to the Investors' Mortgage Company as hereinbefore alleged; that it is threatening to sue on said two notes and foreclose the pretended lien on said section of land; that in the transaction between Chesley Smith, his wife, and the Texas Realty Mortgage Company, said company and the individual members thereof were acting as agents for the Fidelity Union Fire Insurance Company which is bound by the representations and promises made by said Texas Realty Mortgage Company; that, if plaintiffs are mistaken in their allegations that the individual members of the Texas Realty Mortgage Company were acting as agents for the Fidelity Union Fire Insurance Company, nevertheless the Fidelity Union Fire Insurance Company acquired the note for $7,500 and the note for $12,500 with knowledge of the representations and promises made by the Texas Realty Mortgage Company, and acquired the $7,500 note with knowledge of such promises and representations, and in acquiring the $7,500 note the Fidelity Union Fire Insurance Company was in truth and in fact recognizing the agreement between Smith and the Texas Realty Mortgage Company; that the $12,500 note and the $7,500 note claimed by the Fidelity Union Fire Insurance Company show an apparent liability of $20,000 against Chesley Smith, and they constitute an apparent charge against said section of land and a cloud on the title thereto.

Plaintiffs allege that they are ready, able, and willing to pay the amount justly due as a charge against the land and have made due tender thereof, which has been refused by the Fidelity Union Fire Insurance Company, and the plaintiffs tender the sum of $12,500 with the unpaid interest thereon, which they allege is the full amount due against said section of land. They pray for judgment canceling all of the indebtedness in excess of the $12,500, and canceling the lien on said section of land for any amount in excess of said $12,500 and accrued interest thereon; that the cloud on the title to said land be removed, and, in the event the relief prayed for is not granted for any reason, that they have judgment against H. G. Corbin, J. W. Wellman, and V. A. Collins for any sum over $12,500 and accrued interest thereon that may be adjudged as a charge against the land, for costs of suit and all other relief,

general and special, legal and equitable, to which they may be entitled.

The defendants each filed a separate plea of privilege to be sued in the county of Dallas, state of Texas, where each of said defendants reside. To the pleas of privilege filed by the defendants, the plaintiffs filed their controverting affidavit, alleging that the district court of Crosby county has venue to try the suit, because plaintiffs seek to cancel a note in the sum of $7,500 secured by a deed of trust against the land described in the plaintiffs' petition, which land is situated in Crosby county, Texas, and because they seek to remove the cloud on the title to said land created by virtue of said note and deed of trust; that the defendants H. G. Corbin, J. W. Wellman, and V. A. Collins, operating as a partnership under the name of the Texas Realty Mortgage Company, on the 22d day of April, 1921, agreed with the plaintiff Chesley Smith to pay off the $7,500 note secured by the deed of trust against said land, and induced the said Smith and wife to execute an additional incumbrance and lien against said land as alleged in plaintiffs' original petition, and falsely and fraudulently promised to pay off said indebtedness and lien; that in equity the plaintiffs are entitled to judgment canceling said $7,500 debt and the lien securing the payment thereof; that said defendants, in the transaction between the Texas Realty Mortgage Company and Chesley Smith, were acting as agents for the Fidelity Union Fire Insurance Company, and that said fire insurance company, at the time it came into possession of the notes, as shown in plaintiffs' petition, had notice of the fraudulent conduct and acts on the part of the said Corbin, Wellman and Collins; and that plaintiffs are entitled to relief against the Fidelity Union Fire Insurance Company, canceling the $7,500 note and the lien against the land to secure it. Plaintiffs refer to and adopt their original petition as a part of their controverting affidavit.

On a hearing on the issues presented by the pleas of privilege and the controverting affidavit, the pleas of privilege were overruled, from which action of the court this appeal is prosecuted.

The Fidelity Union Fire Insurance Company, one of the appellants, assigns as error the action of the court in overruling its plea of privilege, because appellees' petition shows that the suit is to obtain an adjustment of, or a credit on, the two notes on account of the alleged fraud of the Texas Realty Mortgage Company, and is not a suit to remove the cloud from the title to the land, as the cancellation of the lien securing the $7,500 is incidental to the relief sought. To sustain this proposition it cites Fernandez et al. v. Shacklett et al. (Tex. Civ. App.) 1 S.W.(2d) 675; Wright v. Kaler (Tex. Civ. App.) 293 S. W. 315; Scott, Commissioner of Insurance, et al. v. Noakes et al. (Tex. Civ. App.) 277 S. W. 735.

Appellees' petition shows that one deed of trust had been given to the Investors' Mortgage Company to secure the payment of a note for $7,500; that for the purpose of obtaining more funds, and especially to obtain money with which to pay said $7,500 obligation, and having the lien securing it discharged and released, another deed of trust was executed and delivered to the Texas Realty Mortgage Company, and it promised that out of the money secured by its deed of trust it would pay the $7,500 obligation and have the lien securing it released; that the Texas Realty Mortgage Company fraudulently appropriated said $7,500 to its own use and benefit, and failed and refused to pay said sum and have the lien securing its payment discharged, and that it concealed from appellees such failure; that the individual members composing the partnership of the Texas Realty Mortgage Company were the agents of the Fidelity Union Fire Insurance Company, but, if not, in any event, the Fidelity Union Fire Insurance Company had knowledge of the agreement of the Texas Realty Mortgage Company to pay out of the money secured by its deed of trust the $7,500 note and have the lien securing said sum released; that the Fidelity Union Fire Insurance Company recognized such agreement by paying said $7,500 obligation; that said Fidelity Union Fire Insurance Company is now claiming, not only the $12,500 note and the lien by which it is secured, but is also claiming the $7,500 note and the lien by which it is secured; that the two notes and liens together show an apparent liability of $20,000 against Chesley Smith, and an apparent incumbrance against the land for $20,000, which constitutes a cloud upon the title to the land.

They tender the amount they admit to be justly due, which they allege is the sum of $12,500, evidenced by the note secured by the lien given to the Texas Realty Mortgage Company. They pray for judgment canceling all indebtedness in excess of said $12,500 and the interest thereon, and for judgment canceling the lien for any amount in excess thereof, and that the cloud on the title to the land be removed. In their controverting affidavit to the pleas of privilege, they allege that their suit is to cancel the note for $7,500, cancel the lien securing its payment, and to remove the cloud on the title to their land created by such lien. That the land is situated in Crosby county, Texas, is conceded.

The appellees admit the validity of the note for $12,500 and the validity of the lien given to the Texas Realty Mortgage Company securing its payment. They assert that they have paid the $7,500 note in the transaction with the Texas Realty Mortgage Company, and thereby discharged the lien given to the In-

vestors' Mortgage Company to secure its payment, and that such lien is no longer valid and subsisting. They charge the Fidelity Union Fire Insurance Company with knowledge of their contract with the Texas Realty Mortgage Company, and the testimony in the record tends to support the allegation of such knowledge. The appellees in their pleading, having admitted the validity of the note for $12,500 and the lien securing it, were manifestly not seeking a credit on said $12,500, nor to cancel the lien securing its payment, nor to remove a cloud from the title by virtue of such lien, as a valid lien does not create a cloud on the title to land. They seek to cancel the $7,500 note as evidence of a valid debt, and the cancellation of the apparent lien securing the $7,500 obligation, and the removal of the cloud from their title created by such apparent lien.

"A cloud upon a title is, in itself, a title or incumbrance, apparently valid, but in fact invalid. It is something which, nothing else being shown, constitutes an incumbrance upon or a defect in it; something which shows prima facie the right of a third party, either to the whole or some interest in it, or a lien upon it. The doctrine relating to cloud upon title is founded upon true principles of equity jurisprudence, which is not merely remedial, but is also preventive of injustice. If an instrument ought not to be used or enforced, it is against conscience for the party holding the same to retain it, since he can only do so with some sinister or wrongful design." Johnston v. Kramer Bros. & Co. et al. (D. C.) 203 F. 733, quoted from page 742; 2 Words and Phrases, Third Series, p. 120. If appellees' allegations are true, the lien securing the $7,500 was an incumbrance apparently valid, but in fact invalid, and hence a cloud upon the title of appellees' land.

There is no contention that appellees' pleadings would not support a judgment canceling the $7,500 note and the lien given to secure it, but the contention is that the petition primarily seeks a credit upon or an adjustment of the indebtedness evidenced by the two notes, which aggregate $20,000, held by the Fidelity Union Fire Insurance Company. In our opinion, the pleadings, construed as a whole, show that the primary purpose of the suit is to cancel the $7,500 note because appellees had paid it, and to remove the cloud on the title to the land by reason of the apparent lien on record securing the payment thereof. Under our construction of the petition, the case at bar is not governed by the cases supra cited and relied upon by appellant.

Subdivision 14, art. 1995, Rev. St. 1925, provides, among other things, that suits "to remove incumbrances upon the title to land * * * must be brought in the county in which the land, or a part thereof, may lie." Under this statute, it is held that a suit to cancel a lien created by a deed of trust on land should be brought in the county where the land is situated. Moore v. Byars (Tex. Civ. App.) 47 S. W. 752; Pioneer Savings & Loan Co. v. Peck, 20 Tex. Civ. App. 111, 49 S. W. 160; Clarke v. A. B. Frank Co. (Tex. Civ. App.) 168 S. W. 492; Palmer v. Jaggaers (Tex. Civ. App.) 180 S. W. 907.

The language of subdivision 14 above quoted is held to require that suit must be brought in the county where the land lies, and that whether the allegations of a petition are sufficient to fix venue under said subdivision is a question of law to be determined by the court. Smith et al. v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147; Wood et al. v. Tandy (Tex. Civ. App.) 299 S. W. 282; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328. The record discloses that the appellees, by contract with the Texas Realty Mortgage Company, paid it to satisfy the $7,500 note and the accumulated interest thereon, and get a release of the deed of trust given to the Investors' Mortgage Company, to secure the payment of such note; that the Texas Realty Mortgage Company failed to pay said note, but appropriated the $7,500 to its own use and benefit, and concealed from appellees the misappropriation of the money.

The testimony tends to show that the Fidelity Union Fire Insurance Company acquired both notes involved in this controversy with notice of appellees' defense to the $7,500 note and the lien securing it. If it did, no question of innocent purchaser is involved, and the acquisition of said note was subject to appellees' right to have a court of equity cancel the lien against the land securing the $7,500 note. The district court of Crosby county, where the land lies, is the proper court in which to maintain a suit to cancel such lien and remove the cloud from the title to the land. The judgment of the trial court overruling the plea of privilege filed by the Fidelity Union Fire Insurance Company is affirmed.

The individual appellants H. G. Corbin and V. A. Collins, who prosecute a separate appeal, assign as error the action of the trial court in overruling their respective pleas of privilege, because the pleadings of appellees did not sufficiently allege fraud against them, and did not allege that the fraud on which the suit against them is predicated was committed in Crosby county. In our opinion, the petition of appellees sufficiently alleged fraud against the Texas Realty Mortgage Company and the individual members thereof, but it wholly fails to allege that such fraud was committed in Crosby county. There is no proof that the fraud alleged was committed by these appellants in Crosby county.

These individual appellants also assign as error the action of the trial court in overruling their respective pleas of privilege, because the pleadings and the testimony show that

such individual defendants had no interest in the debts or liens held by the corporate appellant, and hence the individual appellants are not necessary parties to the action of appellees against the corporation, within the meaning of subdivision 29a of article 1995, Rev. St. 1925, so as to give venue of the action against them in Crosby county where the corporate appellant is sued.

Subdivision 29a of said article reads: "Whenever there are two or more defendants in any suit brought in any county in this state and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

There is no allegation or proof that these individual appellants had or claimed any interest in the land involved in the controversy, or any interest in the notes held by the Fidelity Union Fire Insurance Company, or the liens by which such notes were secured. There is nothing disclosed in the record of such a nature that a final decree could not be rendered as between the appellees and the Fidelity Union Fire · Insurance Company, without affecting the rights of these individual appellants, or appellees, or the Fidelity Union Fire Insurance Company, against them. Therefore we conclude that the individual appellants are not necessary parties to this suit. Matagorda Canal Co. v. Markham Irrigation Co. (Tex. Civ. App.) 154 S. W. 1177; Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577, and authorities cited; Hill et al. v. John W. Hunt & Son (Tex. Civ. App.) 12 S.W.(2d) 638; Fox v. Cone (Tex. Com. App.) 13 S.W.(2d) 65.

For the reason that, in our opinion, under the record in this case and the authorities cited, these individual appellants are not necessary parties to the suit, the judgment of the trial court, overruling the respective pleas of privilege of the individual appellants, is reversed, and the court directed to transfer the suit as to the individual appellants to Dallas county, Texas.