STEMMONS v. MATTHAI et al.　(No. 1168.)

(Court of Civil Appeals of Texas. El Paso. Jan. 27, 1921.)

1. Appeal and error ⊜⟿907(3)—It is presumed evidence not in record supported order.

Where there was no bill of exceptions showing the evidence adduced upon the hearing on a plea of privilege, it must be presumed on appeal from the order overruling such plea that the evidence showed the mineral leases sued on vested in the plaintiffs an interest in the lands.

2. Venue ⊜⟿5(3)—Suit to quiet title to mineral lease giving interest in land is local.

A suit by the owners of oil and gas leases which vested in the lessees an interest in the lands, to have removed a cloud on their title cast by instruments filed by defendant and to have the title and possession quieted, is properly brought in the county where the land is ·situated under Rev. St. art. 1830, subd. 14, and is not a mere personal action which should have been brought in the county of defendant's residence.

---

**3. Pleading ☞111—Amended controverting affidavit by plaintiffs to plea of privilege held not necessary.**

Where the original and amended petitions showed the suit was brought in the proper county, and the original controverting affidavit alleged facts which fixed the venue in that county, there was no occasion for plaintiffs to file an amended controverting affidavit.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by W. H. Matthai and others against S. A. Stemmons. From an order overruling defendant's plea of privilege to be sued in the county of his residence, defendant appeals. Affirmed.

W. L. Mathis and Leake & Henry, all of Dallas, for appellant.

Moses & Rowe, of Fort Worth, for appellees.

HIGGINS, J. Appellant, defendant in the court below, appeals from an order overruling his plea of privilege to be sued in Dallas county, where he resides. The suit was brought by the appellees in the district court of Eastland county. In the original and amended petitions it was alleged that the plaintiffs were the owners of certain oil and gas leases upon various lands situate in Eastland county; that defendant had filed for record in that county certain written instruments describing same which constituted a cloud upon their title; and they prayed that same be removed and they be quieted in their title and possession.

To the plea of privilege appellees filed a controverting affidavit, wherein it was alleged that the leases in question vested in the plaintiffs an interest in the lands covered thereby and the suit was to remove incumbrances from their title and to quiet the title to their interest and that the venue was governed by subdivision 14 of article 1830, R. S.

Opinion.

[1, 2] There is no bill of exception showing the evidence adduced upon the hearing. In support of the court's order, it must therefore be assumed that the evidence showed that the mineral leases vested in the plaintiffs an interest in the lands which they embraced. This being true, the suit manifestly was to quiet the title of the plaintiffs to their interest in such lands and to remove the incumbrance upon their title cast by the instruments which had been filed for record by the appellant, and under which it was alleged he was wrongfully claiming an interest in the leases. The land being situate in Eastland county, the suit was properly brought in that county under the express provisions of subdivision 14 of article 1830, R. S. The contention of appellant that the suit was a mere personal action and did not affect the title to the land, in our opinion, is wholly without merit. No authority is cited which supports such position.

[3] The second assignment is also without merit, for the reason that both the original and amended petitions upon their face show that the suit was properly brought in Eastland county; the original controverting affidavit alleged the facts which fixed the venue in Eastland county, and there was no occasion for appellees to file an amended controverting affidavit.

Affirmed.