### TEXAS CO. v. TANKERSLEY.  (No. 6536.)

(Court of Civil Appeals of Texas. San Antonio. March 23, 1921.)

1. **Frauds, statute of** ⊚⇒58(1)—**Mineral lease held such an "estate" that a conveyance thereof must be in writing.**

A 10-year lease giving lessee the right to enter on the land, to drill wells and erect buildings, etc., necessary to save and take from the land oil, gas, or other minerals, is such an estate in the land that under Rev. St. art. 1103, a conveyance of it must be in writing subscribed and delivered by the party disposing of the same.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estate.]

2. **Venue** ⊚⇒5(4)—**Suit to cancel oil lease held within exception of statute relative to suits to remove incumbrances on land.**

Suit to obtain cancellation of an oil and gas lease owned by an oil company on certain lands, wherein defendant oil company filed pleas of privilege and in abatement because the venue was in the county where the land was situated, *held* within the exception of Rev. St. art. 1830, providing no person who is an inhabitant of the state shall be sued out of the county in which he has his domicile, except that, as specified in exception 14, suits to remove incumbrances on title to land must be

brought in the county in which the land or a part thereof may lie.

Appeal from District Court, Tarrant County; Ben. M. Terrell, Judge.

Suit by R. L. Tankersley against the Texas Company. From order overruling pleas of privilege and in abatement, defendant appeals. Judgment reversed, and judgment rendered changing venue.

A. B. Flanary and A. S. Hardwicke, both of Dallas, for appellant.

McLean, Scott & McLean, of Fort Worth, for appellee.

FLY, C. J. This is a suit instituted by appellee in Tarrant county against appellant to obtain the cancellation of a certain lease owned by appellant on certain lands in Young county, Tex. Appellant filed a plea of privilege and in abatement because, the land being situated in Young county, the venue is in that county alone, and prayed for a transfer of the suit to Young county. The pleas were overruled, and this appeal is from that order.

[1, 2] Rev. St. art. 1830, provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the 29 cases which are excepted. One of these, exception 14, is in regard to suits concerning lands. In that exception it is provided:

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

In this case it is alleged that in December, 1911, D. G. Vick, the owner of the land, made, executed, and delivered to appellee an oil and gas lease on the tracts of land described in the petition for the term of 10 years, the consideration being 50 cents an acre; that by the terms of the lease appellee had the right of entry upon the land, to drill wells, and to erect all necessary buildings, structures, tanks, pipe lines, and whatever other machinery and appliances might be necessary to drill for, obtain, save, and take from said lands any oil, gas, or other minerals that might be found thereunder; that the lease was still in force and would be until December 8, 1921, even though appellee did not begin operations on the land. These allegations undoubtedly show a state of facts as to the lands in Young county that would bring this suit directly within the purview of the exception herein copied. The suit is to cancel a lease alleged to be held by appellant and which is an incumbrance upon the land that is antagonistic to the claim in the land held by appellee. The 10-year lease is such an estate in the land that, under arti-

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cle 1103, Rev. Stats., a conveyance of it must be in writing, subscribed and delivered by the party disposing of the same. This is settled by decisions of the courts of Texas, as well as by the terms of the statute.

In the case of Benavides v. Hunt, 79 Tex. 383, 15 S. W. 396, it is held:

"There can be no doubt that the contract conveyed to the lessees the right to all such use and possession of the entire tract of land as was necessary for the exercise of every right or use in the development and working of mines, and it also in express terms gave the right to use even the surface of the land for the purposes designated."

So does the contract in this case, and in that case the court held that the right in the land was subject to the laws applicable to real estate. To the same effect are the decisions in Dority v. Dority, 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941, Starke v. Guffey Co., 98 Tex. 549, 86 S. W. 1, 4 Ann. Cas. 1057, and Priddy v. Green, 220 S. W. 243. These decisions bring the present case clearly and fully within the terms of exception 14 to article 1830. This is distinctly held also in Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989, McEntire v. Thomason, 210 S. W. 563, and Stemmons v. Matthai, 227 S. W. 364.

The judgment of the district court in and for the Sixty-Seventh judicial district is reversed, and judgment here rendered that the venue of this case be changed from Tarrant county to Young county, Tex., and the clerk of the district court of Tarrant county, Tex., is hereby ordered to make up a transcript of all orders made in this cause, certifying thereto officially under the seal of the district court aforesaid, and transmit the same, together with the original papers in the cause, to the clerk of the district court in and for Young county, Tex.