**NOLEN v. HARDING et al.   (No. 9685.)**

(Court of Civil Appeals of Texas. Fort Worth. Oct. 29, 1921.)

1. Pleading ⊂⊃111—Venue determinable from complaint, without aid from plea or evidence.

As to venue, the character of an action is determinable solely by the petition, and is a question of law, to be determined by the court from the petition, without aid from evidence or from the plea.

2. Pleading ⊂⊃8(9)—Allegations of plea as to venue held conclusions of law.

Allegation in a plea of privilege that the suit did not come within any of the exceptions to the statute fixing venue was not an allegation of fact, independent of the allegations of the petition, but was a conclusion of law.

3. Venue ⊂⊃5(4)—Of suit to cancel deed and notes given in exchange for other land held in county where land deeded was located.

A suit to cancel a deed executed by the party to mineral rights in lands in Stephens county, and for the cancellation of promissory notes given as part consideration for the same transaction, which was an agreement to convey land in Hidalgo county in exchange, was not transferable from Stephens county, being within Rev. St. 1911, art. 1830, subd. 14, fixing the venue of suits for recovery of land or damages thereto, suits to remove incumbrances, and suits to quiet title in the county where the land lies.

Appeal from District Court, Stephens County.

Bill by J. C. Nolen against W. A. Harding and others. From an order granting a plea of privilege, plaintiff appeals. Reversed, and judgment rendered overruling plea.

Mackey & Ritchey, of Breckenridge, for appellant.

James G. Harrell, of Breckenridge, for appellees.

DUNKLIN, J.   J. C. Nolen instituted this suit to cancel a deed executed by him to the mineral rights in 10 acres of land in Stephens county, and to quiet his title thereto, and to remove said deed as an incumbrance thereon. W. A. Harding, S. L. Gill, Clyde W. Stephenson, the Harding-Gill Company, a partnership land company composed of W. A. Harding and S. L. Gill, and the Raymondville State Bank were all made defendants to the suit, and in plaintiff's petition it was alleged that the Raymondville State Bank was a banking corporation organized under the laws of the state of Texas, with its principal office in Raymondville, Cameron county, Tex., and that all of the other defendants resided in that county. The defendants Harding, Gill, and the Raymondville State Bank all filed a joint plea of privilege to be sued in the county of Cameron. That plea of privilege was sustained, and the entire cause of action was ordered to be transferred to the district court of Cameron county. From that judgment plaintiff has appealed.

The cause of action set out in plaintiff's petition may be briefly stated as follows: The defendants W. A. Harding and S. L. Gill, composing the partnership firm of Harding-Gill Company, and the plaintiff, J. C. Nolen, entered into a written contract by the terms of which the Harding-Gill Company agreed to sell and convey to Nolen title to 236 acres of land situated in Hidalgo county, in consideration for which sale Nolen agreed to convey to the Harding-Gill Company a one-eighth of the mineral rights in 10 acres of land in Stephens county, which is the subject-matter of this suit, at an agreed valuation of $6,000, and to execute to the Harding-Gill Company seven vendor's lien notes, of the aggregate sum of $17,600. It was stipulated in the contract that the Harding-Gill Company would furnish to Nolen an abstract showing good title to the Hidalgo county land. Plaintiff alleged that it was never contemplated by the parties to the contract that he should execute and deliver his deed to the Stephens county land, and also execute the promissory notes which he bound himself to execute, until the other parties to the contract should furnish to him an abstract showing that good title was vested in them to the land in Hidalgo county, but that after the contract was executed, and before such showing of title had been made, plaintiff, at the earnest solicitation and request of W. A. Harding and S. L. Gill, composing the partnership firm of Harding-Gill Company and upon their assurance that they could and would deliver to plaintiff an abstract showing good record title to the land, and could and would convey such title to the plaintiff, plaintiff executed and delivered to W. A. Harding, for himself and Gill, his deed of conveyance and assignment to the mineral rights to the land in Stephens county, which he had contracted to execute, and at the same time executed and delivered the promissory notes which he had contracted to execute.

It was further alleged that thereafter plaintiff's attorney, who had been employed to examine and pass upon the title to the Hidalgo county land, examined the abstract of title thereto furnished by Harding and Gill, and discovered that the same did not show good title thereto in Harding-Gill Company, and so advised the plaintiff; that

Harding and Gill had failed and refused to furnish any further showing or assurance of title to that land, and thereby had breached their contract with the plaintiff; that the notes so executed by Nolen had been transferred to the other defendants, who took the same with notice of the breach by Harding and Gill of their said contract. It was further alleged that plaintiff had never acknowledged before a notary the deed which he executed in favor of defendant Harding, although the same had been duly delivered; that after its execution and delivery, Harding left it with plaintiff's attorney for the purpose of having plaintiff acknowledge the same before a notary, so that it might be placed of record in the deed records of Stephens county; that he refused to acknowledge said deed before a notary, by reason of the breach of contract by Harding and Gill, and that plaintiff's counsel, acting for him, had, by reason of defendants' breach of contract, refused to return the deed to Harding when he demanded its return. Plaintiff prayed, also, for a cancellation of the notes held by the other defendants, as well as for a cancellation of the deed which he had executed. The plea of privilege was duly verified, and was as follows:

"Now come W. A. Harding, S. L. Gill, and Raymondville State Bank, of defendants in the above entitled and numbered cause, and say that this court ought not to have or take further action or cognizance of this suit than to have same transferred to the court having jurisdiction of the persons of these defendants, because they say that they are not now, and were not at the time of the institution of this suit, nor at the time of the service of such process on them herein, nor at the time of the filing of this plea, residents of the county of Stephens, the county in which this suit was instituted and is now pending, but are now, and were at the time of the institution of this suit, and at the time of the service of process on them, and of the execution and filing of this plea, residents of the county of Cameron and state of Texas, where they then and now reside, and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exists in this case; that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the county of Stephens and state of Texas, or elsewhere outside of the said county of Cameron. Wherefore defendants pray the court that the above suit be transferred to the civil district court of Cameron county, Tex., and for such orders herein that may be proper and necessary."

In reply to that plea, the plaintiff filed a controverting affidavit, in which it was alleged, in substance, that the allegations, to the effect that none of the exceptions to exclusive venue in the county of defendants' residence mentioned in article 1830 or article 2308 of the Revised Statutes exists in this case, were untrue, in that the plaintiff's suit, as shown by his pleadings, was—

"a suit concerning land, or an interest in land, to wit, the mineral rights in a certain tract of land situated in Stephens county, Tex., and a suit to remove the cloud from and to quiet the title to the said mineral interest in land, and that this suit comes within the exceptions provided by subdivision 14 of article 1830 of the Revised Statutes of the state of Texas, which said subdivision provides that all such suits shall be brought in the county where the land is situated."

The first provision of article 1830 of the Revised Statutes is as follows:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * *

"14. Suits for the recovery of lands or damages thereto, suits to remove an incumbrance on the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

[1, 2] The character of plaintiff's action is to be determined solely by the allegations contained in his petition, and that is a question of law to be determined by the court, and is not a question of fact to be determined by testimony aside from the allegations in his petition. The petition speaks for itself, and the allegation in the plea of privilege that the suit does not come within any of the exceptions to the first paragraph of article 1830 is not an allegation of fact, independent of the allegations contained in the petition, but is a conclusion of law, and the question whether or not such was the character of plaintiff's suit could have been raised by an exception to the petition in the nature of a plea of privilege, without the necessity of a separate and affirmative plea in abatement setting up allegations of fact to defeat the venue.

[3] We think it clear that plaintiff's suit to cancel the deed to the land in Stephens county and remove the same as an incumbrance and a cloud upon plaintiff's title came within subdivision 14 of article 1830, and that the venue of the suit to obtain that relief was in Stephens county, where the suit was instituted, and, as Stephens county was the proper venue to obtain that relief, then, in order to avoid a multiplicity of suits, it was also the proper venue as against all the defendants for the cancellation of the promissory notes given in part consideration for the same transaction in which the deed was executed. Thomason v. Ham, 210 S. W. 561; Moore v. Byars, 47 S. W. 752; Wilson v. Pecos & N. T. Ry. Co., 23 Tex. Civ. App. 706, 58 S. W. 183, and authorities there cited; Pioneer Savings & Loan Co. v. Peck, 20 Tex. Civ. App. 111, 49 S. W. 160, writ of error denied; Palmer v. Jaggaers, 180 S. W. 907.

Accordingly, the judgment of the trial court is reversed, the order transferring the cause to Cameron county is set aside, and judgment is here rendered overruling the plea of privilege.