### KOCH, v. ROEDENBECK.    (No. 1060.)

(Court of Civil Appeals of Texas. Beaumont.
March 7, 1924. Rehearing Denied
March 19, 1924.)

**1. Pleading ⟨key⟩111—Character of action determinable solely by court from petition's allegations.**

On questions of venue, the character of the action is determinable solely by the allegations contained in the petition, and is a question of law for the court.

**2. Venue ⟨key⟩5(3)—Trespass to try title to minerals properly brought where land is.**

Under Rev. St. art. 1830, subd. 14, fixing venue of suits "for recovery of land and damages thereto," etc., in the county where the land lies, an action of trespass to try title to oil, gas, and other minerals under certain land is properly brought in the county where the land is situated.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Trespass to try title by Herbert Roedenbeck against Theodore F. Koch. From a judgment overruling defendant's plea of privilege, defendant appeals. Affirmed.

Oliver J. Todd and W. G. Reeves, both of Beaumont, for appellant.

Smith & Crawford, of Beaumont, for appellee.

O'QUINN, J. Roedenbeck sued Koch in the district court of Jefferson county, alleging that the plaintiff is a resident of Chambers county, Tex., and that defendant is a resident of Kleberg county, Tex., but temporarily residing in Jefferson county. The petition contains the usual allegations of a suit in trespass to try title in regard to an undivided one-sixteenth of all the oil, gas, and other minerals in and under certain land situated in Jefferson county, Tex.

Appellant, Koch, filed his plea of privilege to be sued in Kleberg county, the county of his residence, alleging that none of the exceptions to the exclusive venue in the county of one's residence mentioned in articles 1830 and 2308 of the Revised Statutes of the state of Texas existed in this cause.

Appellee, Roedenbeck, duly filed his controverting affidavit, alleging:

"That the allegations in defendant's plea to the effect that none of the exceptions to the exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in said cause are wholly untrue, because this suit is for the recovery of land and is brought in trespass to try title to land wholly situated in Jefferson county, Tex., the county in which this suit was instituted, and is specifically excepted from article 1830 under section 14 thereof, wherein it provides as follows: 'That suits for the recovery of land or damages thereto, suits to remove the incumbrances from land, suits to quiet the titles to land, and suits to prevent or stay waste on land must be brought in the county in which the land or a part thereof may lie.' "

The defendant excepted to the sufficiency of the controverting affidavit of plaintiff, which exceptions were overruled by the court.

Upon the hearing of the plea, the defendant presented and read to the court his plea of privilege. The plaintiff offered: (1) His affidavit controverting said plea; (2) his original petition for the purpose of showing the character of his suit; (3) the written admission of the parties that the land described in plaintiff's petition was wholly situated in Jefferson county, Tex.

The court overruled defendant's plea of privilege, and he brings this appeal.

[1] Appellant admits that plaintiff's petition contains the usual allegations in a suit in trespass to try title. It is also admitted that the land described in plaintiff's petition is situated in Jefferson county, the county in which the suit was brought. There are no allegations or pleadings whatever by appellant that the allegations in plaintiff's petition were falsely or fraudulently made for the purpose of conferring local jurisdiction. On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition. Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Hynson v. Gulf Production Co. (Tex. Civ. App.) 232 S. W. 873.

[2] We think that subdivision 14 of article 1830 of the Revised Statutes fixes the venue for the action of the kind disclosed here in the county where the land is situated, as was here done.

The judgment is affirmed.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes