## WOOD et al. v. TANDY. (No. 2045.)

Court of Civil Appeals of Texas. El Paso. Oct. 6, 1927.

Rehearing Denied Oct. 27, 1927.

1. Pleading ⬦111—Plaintiff, controverting defendant's venue affidavit, must rely on facts stated in his contesting plea (Rev. St. 1925, art. 2007).

Where the defendant, by virtue of Rev. St. 1925, art. 2007, relative to venue, raises an objection to being sued within a county other than his residence, and plaintiff files his controverting affidavit, plaintiff must rely on the facts stated in such affidavit; matters in the original petition being material only as to character of suit.

2. Pleading ⬦111—On questions of venue, character of action is determined solely by allegations in petition (Rev. St. 1925, art. 2007).

On questions of venue, the petition alone can be looked to as determining the character of the action, as furnishing a predicate on which to base the facts stated in the contesting plea under Rev. St. 1925, art. 2007.

3. Pleading ⬦111—Controverting plea held to set up sufficient facts to show venue fixed by location of lands (Rev. St. 1925, art. 2007 and art. 1995, subd. 14).

Where defendant, in action brought in county other than his residence, filed plea of privilege against suit in such county by virtue of Rev. St. 1925, art. 2007, and such plea was controverted by the plaintiff's affidavit averring that the suit was for the recovery of, and affecting, the title and right of possession to certain lands situated in the county where the suit was brought, such controverting affidavit *held* to state facts sufficient to show that the controversy came *within* article 1995, subd. 14, relative to prosecuting actions involving land in the county where such land is located.

4. Venue ⬦5(3)—If character of suit is such as to affect land title or possession, it is sufficient to maintain venue in county where situated (Rev. St. 1925, art. 1995, subd. 14).

Under Rev. St. 1925, art. 1995, subd. 14, if the character of the suit is such as to affect title to land or right of possession thereto, it is sufficient to maintain venue in the county

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(299 S.W.)

where such land is located, even though suit is not in trespass to try title.

**5. Venue ⬤�⟹22(1)—Whether plaintiff had joint cause of action against defendants not sued where either resided was immaterial on question of venue.**

Where the defendants, in an action relative to land and rights therein, appealed on the question of venue, since they were sued in a county other than the county of their residence, whether plaintiff had a joint cause of action against such defendants was immaterial.

Appeal from District Court, Upton County; C. R. Sutton, Judge.

Suit by C. B. Tandy against Owen A. Wood and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Jno. J. Hiner and M. L. Swartzberg, both of Fort Worth, for appellants.

L. J. Wardlaw and Lipscomb & Seideman, all of Fort Worth, for appellee.

WALTHALL, J. This suit was brought in the district court of Upton county by C. B. Tandy, suing for himself and all others similarly situated as to the matters involved in the suit, against Owen A. Wood, Bert G. Wood, J. W. Robins, and J. W. Robins, trustee of Owenwood pool No. 3. The petition is lengthy, and for the purposes of this appeal we will state briefly and in substance only such matters as may be necessary to an understanding of the issues here involved.

The petition alleges, in substance, that Owenwood pool No. 3 is a joint-stock association, and operating under a declaration of trust, the assumed name under which, in connection with his own name, Owen A. Wood procured from plaintiff the sum of $900, and from others for whom he sued large sums of money amounting in the aggregate to $1,000,000 or more, of which money the said Owen A. Wood was the contractual or self-appointed trustee; that, to procure the payment of said moneys, said Wood made certain representations set out at length in the petition and alleged to be material, and relied upon as true, but were in fact not true, but were false and fraudulent, and known by said Wood to be false, and made with the intention to cheat, deceive, and defraud plaintiff and those for whom he sues, and of inducing plaintiff and others to purchase interests in certain pools named, and including said Owenwood pool No. 3; that said Wood, with a part of the moneys so procured from plaintiff and others, purchased, among other properties described, "an oil and gas lease covering the following land in Upton county, to wit: [Then describes said land, containing 160 acres]"; that said properties so conveyed to said Wood, trustee, for Owenwood pool No. 3, are the properties of plaintiffs, they being the joint owners thereof in proportion as said money was contributed by each bears to the amount so fraudulently obtained from plaintiffs and invested in said properties, and held by said Wood as trustee ex maleficio for plaintiffs. Among other matters, plaintiff prays that upon the trial they have judgment establishing their right and title, and for possession of all the properties described and situate in the state of Texas, for writ of restitution, costs, relief, general and special, and other matters not necessary to state.

Each of the appellants filed pleas of privilege to be sued in Tarrant county, the county of their residence, and subsequent to the filing of the amended original petition.

Appellee filed his affidavit controverting the several pleas of privilege. Appellants filed, and on the hearing presented, their general demurrer and answer to appellee's controverting affidavit. The trial court overruled appellants' demurrer to the controverting affidavit, and also overruled the pleas of privilege of appellants, to which appellants excepted and prosecute this appeal.

This appeal is prosecuted from the order of the trial court overruling appellants' pleas of privilege to be sued in Tarrant county; the case not having been tried on its merits.

Each of the several pleas of appellants is verified and in due form, and no question is raised as to the sufficiency of any one of them. Without copying any one of them here, they state the residence of each to be in Tarrant county, and that no exception to exclusive venue in the county of one's residence provided by law exists in said cause, and that this suit does not come within any of the exceptions provided by law authorizing this suit to be brought or maintained in the county of Upton, and prays that the suit be transferred to the district court of Tarrant county.

Appellee's controverting affidavit to each of appellants' pleas, omitting the formal part, reads in part:

"And avers that, as appears from the face of plaintiff's original petition, this is a suit for the recovery of and affecting the title and right of possession to and of lands situate in Upton county, Tex., and for partition of said lands situate in Upton county, Tex."

Appellants' first proposition questions the sufficiency of the controverting affidavit when considered as a pleading in the light of the amended statutes relative to the subject. The insistence made under the proposition is that the affidavit states no fact from which it may be determined that the case under consideration is one in which the venue is fixed under the terms of subdivision 14 of article 1995, R. S. 1925, but that this can be determined only, if at all, by reference to the original petition, and then only if such petition, by apt reference, is incorporated in,

---

and becomes a part of, the controverting affidavit. It is further contended that, the original petition having been abandoned by the filing of the amended petition, there was in existence no such pleading as was referred to by the terms of which the character of the suit might be determined.

[1] We think the clause in the controverting affidavit referring to the original petition might be deemed surplusage, and the facts stated in the controverting affidavit, if any, may be looked to in determining the question presented by the pleas of privilege that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause," and whether "this suit does not come within any of the exceptions provided by law authorizing this suit to be brought or maintained in the county of Upton," as stated in the privilege pleas. The statute (article 2007) provides, in stating how the issue shall be made, that:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

The contest on the issue arises solely on the fact or facts stated in the contesting plea, and the evidence offered would necessarily be confined to the fact or facts stated in the contesting plea. As stated in Meadows & Co., Inc., v. Turner (Tex. Civ. App.) 270 S. W 899, by the Dallas court, the cases there referred to, without quoting them, construing the venue statute as amended, hold that the plaintiff can no longer rely on the allegations of his petition as prima facie proof of his right to maintain the suit where brought, but must rely on the facts stated in his contesting plea. While on questions of venue the petition cannot be relied on as prima facie proof of his right to maintain the suit where brought, the petition can be looked to as determining the character of the action, as furnishing a predicate upon which to base the facts stated in the contesting plea.

In Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328, a suit in trespass to try title, Koch filed a plea of privilege, and Roedenbeck filed a contesting plea. Koch excepted to the plea, and the exception was overruled. On the hearing, plaintiff offered his contesting plea and his petition, for the purpose of showing the character of the suit, the admission of the parties that the land was in Jefferson county. There was no pleading that the allegations in the petition were falsely stated to confer local jurisdiction. The Beaumont court said:

"On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations of the petition."

[2, 3] The petition is a filed paper in the case, and is the only pleading that can be looked to, not as evidence, but as indicating the character of the suit filed. It seems to us the only way to ascertain the character of the suit. It is true, as insisted by appellants, that, to sustain the venue in Upton county, the controverting plea must allege a fact or facts, which, if sustained by the evidence, makes the case tryable in Upton county. To maintain his suit where brought, omitting the reference to the original petition, appellee "avers that this is a suit for the recovery of and affecting the title and right of possession to and of lands situate in Upton county, Tex., and for partition of said lands situate in Upton county, Tex." Subdivision 14 of article 1995 provides that suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, must be brought in the county in which the land may lie, an exception to the article itself. As we view the case, if the land involved in the suit lies in Upton county, the district court of that county is the only court in which the facts stated can be tried. Thomson v. Locke et al., 66 Tex. 383, 1 S. W. 112; Schneider v. Sellers, 98 Tex. 380, 84 S. W. 421; Gillean v. Witherspoon (Tex. Civ. App.) 121 S. W. 913.

What we have said in discussing the first proposition applies to the second proposition.

By the third proposition it is suggested that appellee must show by proof such present interest in the subject-matter of the controversy as authorizes him to maintain the suit. It seems to us that evidence of interest in the matters in controversy goes to the merits of the suit rather than to the venue. However that may be, certain facts were agreed to in open court. Among them it was agreed that appellee subscribed and paid for certain interests in pool No. 1, and for which interests were converted into interests in Owenwood pool No. 3, and that appellee purchased certain interim certificates, indicated, in Owenwood pool No. 3, and for which he paid the sums stated, and that said interim certificates were converted into permanent certificates in said pool, and that during the operation of the declaration of trust certain dividends were paid appellee.

It was agreed "that the title to the oil and gas lease covering the land described in plaintiff's petition as located in Upton county, Tex., was vested in J. W. Robins, trustee for Owenwood pool No. 3." The oil and gas leases introduced in evidence, while somewhat indefinite as to the identity of the land, are sufficient to indicate the land involved in the suit, and its location in Upton county.

These matters are too extensive to fully state them here, but sufficient, we think, to show prima facie that appellee is a stock-

holder, and had, and has, a present interest in the subject-matter of the controversy. It would seem to be for the court in the trial on the merits, and not on the issue of venue, to determine what interest, if any, appellee has in the assets acquired by such trust estate, and to determine the extent to which appellee would be bound by the declaration of trust, and other matters involved in the suit.

[4] We do not concur in the statement of the fourth proposition that the primary object and purpose of the suit must be in trespass to try title to land in Upton county before the venue can be maintained in Upton county. Under the verbiage of the present statute quoted, and the authorities quoted in discussing a previous proposition, it cannot be as claimed by appellant. If the character of the suit is such as to affect the title to land in Upton county, or the right of possession thereto, it is sufficient to maintain the venue in that county. We think such is sufficiently disclosed by the record.

The fifth proposition asserts that neither the controverting plea nor the proof shows such controversy or suit as to maintain the suit in Upton county. We have discussed the character of the suit as disclosed by the petition and contesting plea, and referred to the evidence supporting the controverting plea as plaintiff's interest in the subject-matter of the suit, the land involved and its location in Upton county.

The sixth proposition is similar to others already discussed.

[5] If we are not in error in our holding on previous propositions, in effect, that on the question of venue the sole inquiry being, Is it made to appear that the character of the suit is such that it affects the title to land in Upton county? it is immaterial whether the appellee "has a joint cause of action maintainable against all of such defendants," the venue of which is fixed in the county where the suit is filed. Comer v. Brown (Tex Com. App.) 285 S. W. 307.

After reviewing the entire record, we have concluded that the court was not in error in overruling the several pleas of privilege and maintaining the venue in Upton county.

Affirmed.