SMITH et al. v. ABERNATHY.   (No. 11925.)

Court of Civil Appeals of Texas.   Fort Worth.
Feb. 25, 1928.

Rehearing Denied April 21, 1928.

1. Pleading  ⬤⇒111—Affidavit controverting plea of privilege which amounted to but legal conclusion held improperly sustained (Rev. St. 1925, art. 2007).

Failure of court to sustain exception to paragraph of affidavit controverting plea of privilege, alleging that plaintiff's action grew out of fraud in securing oil lease for reason that same did not set out facts relied on to confer venue for fraud, held error, since allegation was merely conclusion of pleader and not a setting out specifically of facts required by Rev. St. 1925, art. 2007.

2. Appeal and error  ⬤⇒1043(8)—Failure to sustain exception to affidavit controverting plea of privilege held not prejudicial, where proof sufficiently showed that suit was properly instituted in county where venue was laid (Rev. St. 1925, arts. 2007, 1995, subd. 14).

Error in failure of court to sustain exception to paragraph of affidavit controverting plea of privilege because same did not set out facts relied on to confer venue for fraud as required by Rev. St. 1925, art. 2007, held not prejudicial, where another paragraph of the controverting affidavit and proof offered was sufficient to show that suit was properly instituted in county where venue was laid under article 1995, subd. 14.

3. Pleading  ⬤⇒111—Affidavit alleging that allegations controverting plea of privilege were true held insufficient verification (Rev. St. 1925, art. 2007).

Affidavit controverting plea of privilege, alleging that allegation which was but legal conclusion was true, did not constitute verification of facts relied on to show venue under Rev. St. 1925, art. 2007.

**4. Pleading** ⬤⇒111—**Affidavit controverting plea of privilege, alleging that suit was brought to cancel and annul assignments of oil and gas leases, held sufficient to show venue (Rev. St. 1925, arts. 2007, 1995, subd. 14).**

Exception to paragraph in affidavit controverting plea of privilege, alleging that cause of action was for purpose of canceling and annulling assignments of oil and gas leases to land and lands situated in county of suit, *held* properly overruled, since under Rev. St. 1925, art. 1995, subd. 14, providing suit to remove cloud on title must be brought in county where land or part thereof may lie, such allegation was sufficient showing of facts under article 2007.

**5. Pleading** ⬤⇒111—**Plaintiff in controverting affidavit to sustain venue of suit to remove cloud from title need not allege facts relied on, or that suit is for recovery of land (Rev. St. 1925, art. 1995, subd. 14).**

In suit to cancel oil and gas leases under Rev. St. 1925, art. 1995, subd. 14, providing action to remove cloud from title shall be brought in county in which land lies, plaintiff to sustain venue in county of suit in controverting affidavit in reply to plea of privilege *held* not required to allege that suit was one for recovery of land or to remove cloud from title, and set out facts upon which recovery is based, since whether allegations constituted suit to remove cloud on title is question of law to be determined by court from face of pleading.

**6. Cancellation of instruments** ⬤⇒58—**Trial court having jurisdiction to cancel lease for fraud had jurisdiction to adjudicate claim for damage growing out of fraud.**

Where trial court had jurisdiction for purpose of canceling assignments of oil and gas leases on ground of fraud and removing cloud from plaintiff's title by reason thereof, it also necessarily had jurisdictoin to adjudicate plaintiff's claim for damages growing out of and incidental to alleged fraud.

Appeal from District Court, Cooke County; Alvin C. Owsley, Judge.

Suit by J. R. Abernathy against R. Y. Smith and others, as partners doing business under the firm name of Smith & McDanald Drilling Company. From an order overruling a plea of privilege, the defendants appeal. Affirmed.

Carrigan, Britain, Morgan & King, H. R. Wilson, and E. R. Surles, all of Wichita Falls, for appellants.

W. O. Davis and Murphy & Murphy, all of Gainesville, for appellee.

DUNKLIN, J. J. R. Abernathy instituted this suit in the district court of Cooke county against R. Y. Smith, A. T. McDonald, and L. McMillian, as partners doing business under the firm name of Smith & McDanald Drilling Company. It was alleged that the defendant L. McMillian resided in Cooke county, and the residences of the other two defendants were alleged to be in Wichita county.

In plaintiff's petition it was alleged that on August 25, 1926, he was the owner of some mineral leases on land situated in Cooke county which he desired to have tested for oil and gas. In order to procure an oil and gas lease the defendants represented to plaintiff that they were skilled in the business of developing land for the production of oil and gas, and as a result of negotiations between the parties a contract was entered into between them, by the terms of which the defendants agreed to drill an oil well upon 96.1 acres of the land upon which plaintiff held a mineral lease; the well to be drilled to a depth of 3,000 feet unless oil should be found at a lesser depth, or unless what is known as the "Ellenberger lime" should be reached at a lesser depth, and, in the latter event, to sink such well in that lime to a depth of at least 100 feet. In consideration of that agreement by the defendants, the plaintiff agreed to pay, and did pay, to them the sum of $12,000 and agreed to assign, and did assign, to the defendants a one-fourth interest in the lease then held by the plaintiff upon the above-mentioned 96.1 acres, and agreed to assign, and did assign, to the defendants oil leases held by the plaintiff on three other tracts, aggregating approximately 147 acres, all of said lands being situated in Cooke county.

According to further allegations, it was agreed between the parties to the contract that in the event casing should be used in the well to be drilled by the defendants, plaintiff should pay three-fourths of the cost of the same and the defendants one-fourth. Plaintiff was also to pay for the gas used in drilling operations, and the defendants were to pay for and maintain the necessary connections for such use. The petition contained these further allegations:

"It was further agreed that in case said well *should not be drilled to the depth of 3,000 feet,* the defendants should pay and refund to the plaintiff the costs of the difference between 3,000 feet and the depth actually drilled. It was further agreed that each oil sand reached in the drilling of said well should be fairly and thoroughly tested by the defendants, in such manner as to determine whether oil in paying quantity was reached.

"The defendants *did not enter into said contract in good faith or with any purpose to comply with its provisions in reference to testing the various oil sands reached, but, to the contrary, the defendants fraudulently intended at the expense of the plaintiff to ascertain whether oil in paying quantities existed in that vicinity and to fraudulently conceal the fact that oil did so exist and create impression that it did not exist and thereby depress the value of leases and royalties and to purchase and acquire the same at nominal prices by reason of such depression. In the sinking of said well six oil-bearing sands were reached, at least two of which contained oil in paying quantities; but the defendants failed to have such sands*

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fairly and properly tested, and willfully and fraudulently concealed the fact that pay sand had been reached, and give it out to the public and to those interested in oil lands in that vicinity that pay sand had not been reached and that the well was a failure. In the meantime the defendants were busily acquiring leases and royalties in that vicinity, intending to drill thereon for themselves as soon as such leases were acquired. It was a part of the contract between the plaintiff and defendants that if Ellenberger lime should be reached before oil in paying quantities at a lesser depth than 3,000 feet, the defendants should sink the well to a depth of at least 100 feet after reaching such lime, or at least 'a total depth of 3,000 feet. The defendants claimed that they reached the Ellenberger lime at the depth of 1,942 feet and willfully and fraudulently failed to sink said well to the further distance of 100 feet, and then wrongfully and fraudulently refused to drill further and abandoned the well. The above wrongs and frauds were perpetrated in Cooke county, Tex. The money spent by the plaintiff for the drilling of said well has been by reason of said frauds a total loss to him. The plaintiff prays for judgment against the defendants for the sum of $12,000 paid by him to them for the drilling of said well, and that said transfer from plaintiff to defendants for the one-fourth interest in the lease upon the 96.1 acres of land upon which said well was drilled be canceled, set aside, and held for naught, and that the other assignments by the plaintiff to the defendants mentioned in the second paragraph of this petition be also canceled and held for naught. The plaintiff also prays for judgment against the defendants for the sum of $4,112, being the cost of the difference between the drilling of said well to the distance of 3,000 feet and 1,972 feet, at which said well was stopped."

Plaintiff further claimed damages in the sum of $685 for the waste of gas by the defendants in their drilling operations, which resulted from the act of defendants in permitting the drilling bit to rotate far above the bottom of the well in order to show a pretense of drilling while the defendants were engaged in acquiring other leases in the same vicinity.

It was further alleged that assignments of leases had been placed of record in the deed of records of Cooke county, creating a cloud upon plaintiff's title to the leases thereon, and that by reason thereof, together with the false and fraudulent claims of the defendants publicly and maliciously asserted, to the effect that plaintiff owed them approximately $3,412 in consequence of an alleged breach of contract on the part of plaintiff, and for which amount defendants claimed a lien on the lease, the plaintiff has been prevented from developing the lands for oil through contracts with two other oil and gas companies, and for such wrongs plaintiff sought to recover exemplary damages in the sum of $45,000.

The defendants filed a duly verified plea of privilege, in which it was alleged that none of them resided in Cooke county at the time the suit was instituted or at any time subsequent thereto; that at the time of the institution of the suit, and ever since, the defendants R. Y. Smith and A. T. McDanald were resident citizens of Wichita county, and the defendant L. McMillian was a resident citizen of Gray county. The plea of privilege contained these further allegations:

"No exception to the exclusive venue in the county of one's residence provided by law exists in said cause. That this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought and maintained in the county of Cooke, state of Texas, or elsewhere outside of the county or counties of defendant's residence."

In reply to the plea of privilege, the plaintiff filed a controverting affidavit containing the following:

"First. That plaintiff's cause of action is based upon fraud committed by defendants and each of them upon plaintiff in Cooke county, Tex., in entering into the contract out of which said cause of action grew and upon which plaintiff's action is based, and in fraudulently securing from plaintiff the assignments of oil and gas leases to them to land and lands situated in Cooke county, Tex.

"Second. That said cause of action is, among other things, for the purpose of canceling and annulling assignments of oil and gas leases to land and lands situated in Cooke county, Tex., obtained and secured by defendants from plaintiff as a part of the consideration for drilling said well."

The plea of privilege was overruled, and from that order the defendants have prosecuted this appeal.

The order overruling the plea of privilege recites that evidence was introduced by plaintiff in support of his controverting affidavit. The statement of facts shows that the only evidence introduced consisted of testimony of plaintiff and his first amended original petition, which was introduced as evidence.

In addition to his testimony to the fraud alleged in his petition, plaintiff further testified that the lands upon which he assigned leases to the defendants were all situated in Cooke county.

Article 2007, Rev. Civ. St. 1925, prescribes what is necessary to a proper plea of privilege. The article then concludes as follows:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days' after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

[1-4] The court erred in failing to sustain the defendants' exception to the first paragraph of plaintiff's controverting affidavit, for the reason that the same did not set out facts relied on to confer venue of the fraud alleged as a cause of action separate and distinct from the prayer for removal of cloud

from title. That paragraph is merely an allegation of the legal conclusion of the pleader upon those issues of fraud. Nor did the affidavit, alleging that those allegations were true, constitute a verification of the facts relied on to show venue for the relief above noted. But the exception to the second paragraph of the petition was properly overruled. That paragraph of the controverting affidavit, and the proof offered in support thereof, was sufficient to show that the suit was properly instituted in Cooke county, under subdivision 14 of article 1995 of the Statutes, which provides that suit for the recovery of lands or to remove incumbrances on the title to land, or to quiet the title to land, must be brought in the county where the land, or a part thereof, may lie. The language of that subdivision is mandatory in that it provides that the suit *must be* brought in the county where the land lies, while in most of the exceptions of article 1995, it is provided that suits mentioned in the exception *may be* brought in some other county than that of the residence of defendants.

[5] The second paragraph of the controverting affidavit clearly states that the suit was brought for the purpose of canceling and annulling the assignment of the gas leases in controversy, and that the land was situated in Cooke county. And on the hearing of the plea of privilege, in addition to plaintiff's testimony that the land was situated in Cooke county, his petition was introduced in evidence, and the allegations therein show that such was one of the purposes of the suit. The fact that the land was situated in Cooke county was the only fact necessary to be alleged in the controverting affidavit for the purpose of showing venue in Cooke county to remove cloud from title within the meaning of article 2007. Whether the allegations in such petition constitute a suit to remove cloud from title is a question of law to be determined by the court from the face of the pleading, and whether or not the suit is of that character is not put in issue by the allegation in the plea of privilege that no exception to exclusive venue in the county of one's residence provided by law exists in the cause. That language could have no reasonable application to any allegation, except one of facts necessary to confer venue in Cooke county, to be proved by evidence as any fact on the trial of the case. It would be an unreasonable construction of article 2007 to hold that in a suit instituted under provisions of subdivision 14 of article 1995, Revised Statutes of 1925, in his controverting affidavit in reply to a plea of privilege filed, plaintiff is required to allege and swear that the suit is one for the recovery of land or to remove cloud from title, which would be purely a conclusion of law to be determined by the court solely from the allegations on the petition, and when, too, the petition is necessarily before the court when the plea of privilege is heard, since the plea of privilege is addressed to it and the merits of the plea cannot be determined without a consideration of the petition in connection therewith. Manifestly, plaintiff was not required to plead and prove the facts upon which he relied to remove cloud from his title, as those facts would not in any sense bear upon the issue of proper venue of the suit, and therefore could not be relied on to confer venue in the county where the suit is instituted. But a different rule is applicable to a suit coming within some of the other exceptions to article 1995, such as one based on fraud alleged to have been committed in the county in which the suit is instituted, or a suit to enforce a contract in writing to be performed in that county, and other suits that might be mentioned arising within other exceptions to the statute. In such suits, in order to overcome a plea of privilege in statutory form, it would be necessary for plaintiff to plead and prove the facts constituting his cause of action in order to establish the fact or facts relied on to confer venue in the county in which it has been instituted.

[6] The trial court having jurisdiction for the purpose of canceling the assignments of the lease on the ground of fraud and removing the cloud from plaintiff's title by reason thereof, it also necessarily had jurisdiction to adjudicate plaintiff's claim for damages growing out of and incidental to the alleged fraud. Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Texas Co. v. Tankersley (Tex. Civ. App.) 229 S. W. 672; Montgomery v. Turner (Tex. Civ. App.) 233 S. W. 543; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328.

Exceptions were urged by appellants to all of the testimony of plaintiff referred to above, and error has been assigned to the action of the court in overruling those exceptions. The ground of exception was the contention that the controverting affidavit of plaintiff was insufficient to authorize the admission of such testimony. What we have said already is sufficient reason for overruling the assignments addressed to that ruling.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.