## SIMS v. TRINITY FARM CONST. CO.
### No. 922.

Court of Civil Appeals of Texas. Waco.
May 8, 1930.

Rehearing Denied June 5, 1930.

Bishop & Holland, of Athens, and John H. Sharp, of Austin, for appellant.

Walter S. Jones, of Ennis, and Will Hancock and Farrar & Wilson, all of Waxahachie, for appellee.

GALLAGHER, C. J.

This is an appeal by W. W. Sims, in his capacity as guardian of the person and estate of Rupert Sims, a minor, from a judgment sustaining a plea of privilege to be sued herein in Ellis county, interposed by appellee, Trinity Farm Construction Company, a part-

nership composed of T. H. Harbin, C. H. Clark, and E. P. Harwell.

Appellant sued appellees in the county court of Henderson county, alleging that his said ward was the owner of certain real estate situated in Henderson county, Tex., and on the J. M. Alpando survey; that a five-room dwelling house, the property of his ward, was situated thereon; that appellees were engaged in building a levee and clearing and burning off the right of way therefor; that appellees negligently permitted fire to escape and burn across a tract of woodland and pasture to said residence, and that the same was consumed thereby. Appellant then alleged in detail the acts of negligence relied on, and that such negligence was the proximate cause of the damage to said property. Appellees filed plea of privilege in statutory form. Appellant's controverting affidavit contained the following allegations of fact: "This affiant states that this suit was instituted for the purpose of recovering damages alleged to have been caused by the defendant while it was engaged in the construction of levees and clearing right of way for Levee Improvement District No. 3 in Henderson county, Texas. It is alleged that the house destroyed by said fire was situated on the J. M. Alpando survey in Henderson county, Texas, the county in which this suit is brought, and that the cause of action herein sued on arose solely in Henderson county, Texas."

Appellant testified on the hearing of the issues raised by said plea and controverting affidavit as follows: "I sued the Trinity Farm Construction Company for damages caused in burning a house on my minor son's land. The house that was destroyed by fire was situated on the J. M. Alpando survey in Henderson county, Texas * * * At the time they (appellees) are alleged to have caused the damage in burning the house they were engaged in constructing levees for Henderson County Levee Improvement District No. 3 in Henderson county, Texas * * * Yes, this suit is for damages caused by the burning of a house situated on land lying wholly in Henderson county, the county in which this suit was brought, and the construction company was engaged in carrying out a levee construction contract in Henderson county, Texas. Everything about this case happened in Henderson county, Texas."

The court sustained the plea of privilege and ordered the cause transferred to Ellis county for trial.

### Opinion.

 Appellant contends that his petition and controverting affidavit, together with the testimony submitted thereunder, were sufficient to sustain the venue of this suit in Henderson county under subdivision 14 of article 1995 of our Revised Statutes, which pro- vides that suits for damages to lands must be brought in the county where such lands are situated. Article 2007, Revised Statutes, makes a plea of privilege complying with its provisions prima facie proof of the defendant's right to a change of venue unless the plaintiff shall "file a controverting plea under oath, *setting out specifically the fact or facts relied upon* to confer venue of such cause on the court where the cause is pending." (Italics ours.) The character of appellant's cause of action must be determined from the averments of his petition. We quote from Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328, as follows: "On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition."

While appellant's petition cannot be relied on as prima facie proof of his right to maintain his suit in Henderson county, it is a filed pleading, to be considered not as evidence but as the basis for determining the character of the suit. Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282, 284, pars. 1 and 2; Fidelity Union Fire Ins. Co. v. First Nat. Bank (Tex. Civ. App.) 18 S.W.(2d) 800, 803, par. 2; Smith v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147, 150, par. 5; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687, 688, par. 1. The character of this suit is therefore definitely fixed as an action for damages for the destruction of a dwelling house situated on the land of the ward. Such an action is one to recover damages to land. It was not necessary for appellant's petition to allege in terms that the destruction of said house constituted damage to the land on which it was situated. Under the allegations of the petition, the house was, in contemplation of law, a part of such land. We quote from Pacific Express Co. v. Lasker Real-Estate Ass'n, 81 Tex. 81, 84, 16 S. W. 792, 794, as follows: "In cases such as this, in which the ownership of a house, and the land on which it stands, is in the same person, we are of opinion that the house should be treated, as it is in other cases, as a part of the land, in determining the damages such an owner is entitled to recover an account of the partial or total destruction of a house." See, also, Fort Worth & N. O. Ry. Co. v. Wallace, 74 Tex. 581, 583 and 584, 12 S. W. 227; G., C. & S. F. Ry. Co. v. Foster (Tex. Civ. App.) 44 S. W. 198, 199 and 200; Id., 91 Tex. 631, 45 S. W. 376.

 Article 2007, above quoted, required averments under oath of the existence of *facts* sufficient to support the material allegations of appellant's petition. It did not require appellant to replead in his controverting affidavit his cause of action, nor to in terms make his petition a part thereof. Clearly, we think

appellant's controverting affidavit should be construed in the light of the allegations in his petition. When so construed, we think that the allegations of fact contained therein meet the requirements of the law. While appellees do not assail the sufficiency of the testimony to sustain such allegations and venue in Henderson county, we think the same as hereinbefore quoted is ample to do so.

■■■ Appellant was not required to plead the language of the particular subdivision or subdivisions of the venue article relied on by him nor to specifically refer to the same. Smith v. Abernathy, supra, pages 149 (2d column) and 150 of 6 S.W.(2d). As already stated, Article 2007 of the statutes merely required him to allege the facts on which he relied. This he did. Frequently the venue of the cause of action asserted may be maintained on the facts alleged under more than one subdivision of said article. We do not think appellant should be denied his established legal right to prosecute this suit in Henderson county because he did not plead said subdivision 14, of article 1995, in his controverting affidavit, and did plead other subdivisions of said article which, to say the least, were of doubtful application.

The judgment of the trial court is reversed, and the cause remanded to the county court of Henderson county, with instructions to enter an order overruling appellees' plea of privilege.