## COLDWELL v. NICKELS et al.
### No. 1446.

Court of Civil Appeals of Texas. Waco.
Feb. 15, 1934.

W. F. Bane, of Dallas, for appellant.

Arthur P. Bagby, Jr., of Austin, for appellees.

STANFORD, Justice.

This suit was instituted in the district court of Hill county, Tex., by appellees, Emma Dorman Nickels and William Nickels, to cancel a promissory note for the sum of $2,500, executed by them and payable to P. C. Coldwell of Dallas county, Tex., and to cancel a deed of trust given by appellees covering 57 acres of land out of the John Saffell survey in Hill county, Tex., to secure the payment of said note. The appellees allege that the note and the deed of trust lien are void because the appellant, on or about the 19th day of December, 1931, for a valuable consideration, did promise and agree with appellees to release same.

The appellant interposed his plea of privilege to be sued in Dallas county, Tex., where he has his domicile. Appellees filed their controverting affidavit in due time, in which they state that the main purpose of the suit is to obtain a decree of the district court of Hill county removing incumbrances upon their title to said tract of land in Hill county, Tex.

Appellant's plea of privilege, together with appellees' controverting plea, came on to be heard by the trial court on January 21, 1933, and the court, after hearing the evidence, entered his order overruling the plea of privilege and retained jurisdiction of the case, from which judgment of the court this appeal is prosecuted.

## Opinion.

■■ The trial court did not err in overruling the plea of privilege, because this suit was instituted to cancel said note and deed of trust lien securing the same on said land in Hill county, Tex., which note and deed of trust were illegal incumbrances upon the title to said land. The statute requires suits of this nature to be brought in the county in which the land may lie.

The appellees, in their original petition, alleged in part as follows:

"1. That on or about the 20th day of October, 1924, plaintiff Emma Dorman Nickels joined by her husband, Wm. Nickels, did execute and deliver to the defendant, P. C. Coldwell, one certain promissory note in the sum of $2,500.00, said note being secured by a deed of trust on the following parcel of land situated in Hill County, Texas. Said land being more fully described as fifty-seven acres out of the John Saffell survey and fully described in the deed of trust records of said county, recorded in Vol. 63, page 411, Trust Records of Hill County, Texas.

"2. The above described note having become due Oct. 20, 1929, the time of payment was extended to October 20, 1930, by mutual agreement on the part of P. C. Coldwell and Wm. Nickels, acting for his wife, Emma Dorman Nickels.

"3. The plaintiffs would further show to the court that on or about the 19th day of December, 1931, defendant P. C. Coldwell did, for a valuable consideration, promise and agree, with Wm. Nickels, acting for his wife, Emma Dorman Nickels, to release said note and deed of trust against the above described land. * * *

"4. Plaintiffs would show further to the court that they have often requested the defendant to release said land above mentioned, all of which defendant refused to do.

"5. Plaintiffs further show that defendant Coldwell's refusal to deliver the release to the above described land has damaged plaintiffs in the sum of $1,000.00."

Plaintiffs introduced in evidence a deed of trust, dated October 24, 1924, to T. J. Swim, trustee, on 57 acres of land out of the John Saffell survey in Hill county, Tex., to secure the payment of the $2,500 note, dated October 20, 1924, with interest at the rate of 10 per cent. per annum, payable to P. C. Coldwell on the 20th day of October, 1925. A warranty deed from Lowrey Patterson and Laura Ethel Patterson dated November 1, 1917, to Emma Dorman Nickels, conveying the 57 acres of land in Hill county, Tex., was also introduced. Nickels also sought to testify that the purpose of the suit was to remove cloud from title as fixed by the deed of trust, but objection to the introduction of this testimony was sustained. William Nickels testified that the land described in each of the above instruments was situated in Hill county, Tex.

No evidence of any character was introduced by the appellant.

Article 1995, subd. 14, Revised Civil Statutes 1925; Moore v. Byars (Tex. Civ. App.) 47 S. W. 752; First Nat. Bank of Electra v. Guyer (Tex. Civ. App.) 40 S.W.(2d) 212, 214; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282; Fidelity Union Fire Ins. Co. v. First Nat. Bank (Tex. Civ. App.) 18 S.W.(2d) 800; Smith v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687.

Subdivision 14, art. 1995, Revised Civil Statutes 1925, provides, among other things, that suits "to remove incumbrances upon the title to land, or to quiet the title to land * * * must be brought in the county in which the land, or a part thereof, may lie." First Nat. Bank of Electra v. Guyer, supra; Fidelity Union Fire Ins. Co. v. First Nat. Bank, supra; Moore v. Byars, supra; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Stemmons v. Matthai (Tex. Civ. App.) 227 S. W. 364; Texas Co. v. Tankersley (Tex. Civ. App.) 229 S. W. 672; Sims v. Trinity Farm Const. Co. (Tex. Civ. App.) 28 S.W.(2d) 856.

The courts have uniformly held also that "the language of subdivision 14 above quoted is held to require that suit must be brought in the county where the land lies, and that whether the allegations of a petition are sufficient to fix venue under said subdivision is a question of law to be determined by the court." First Nat. Bank v. Guyer, supra; Smith v. Abernathy, supra; Wood v. Tandy, supra; Koch v. Roedenbeck, supra; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Stemmons v. Matthai (Tex. Civ. App.) 227 S. W. 364; Texas Co. v. Tankersley (Tex. Civ. App.) 229 S. W. 672; Sims v. Trinity

Farm Const. Co. (Tex. Civ. App.) 28 S.W.(2d) 856; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687.

The petition sets out that the defendant had agreed to release said note for $2,500 and deed of trust securing same for valuable consideration paid; that he had failed so to do; that the deed of trust was on certain land in Hill county. The suit was instituted in Hill county for the obvious purpose of canceling the note and the deed of trust.

It is obvious that the $1,000 damages prayed for by the plaintiff is only incidental to the relief sought and this case cannot be considered a suit to recover monetary damages primarily. The trial court having jurisdiction to cancel the note and the deed of trust securing said note would also have jurisdiction to adjudicate plaintiffs' claim for damages growing out of the failure of the defendant to release the deed of trust as he had agreed, and in view of the allegation that the defendant promised and agreed to release the note secured by the deed of trust for valuable consideration and failed so to do, such allegation is sufficient in law and in equity to authorize the court to cancel and annul same.

As it is conclusively shown that the land described in the petition is situated in Hill county, Tex., and as the petition contains the essential allegations of a suit to remove incumbrances on title, venue must of necessity lie in Hill county.

The judgment of the trial court is hereby in all things affirmed.