## LOONEY v. HARPER.

### No. 3591.

Court of Civil Appeals of Texas. El Paso. Jan. 6, 1938.

Rehearing Denied Jan. 27, 1938.

J. Lee Zumwalt and Sullivan & Wilson, all of Dallas, for appellant.

Wilkinson & Wilkinson, of Mt. Vernon, for appellee.

HIGGINS, Justice.

This is a suit by appellee, Harper, against the appellant, Looney, in the district court of Franklin county. The defendant filed plea claiming the privilege of being sued in Ellis county, where he resided. The plea was controverted and judgment rendered overruling such plea.

The petition, in the second and third paragraphs thereof, is in the statutory form of an action in trespass to try title to recover land alleged to be situate in Franklin county. Additional allegations are made that defendant had caused to be filed and recorded in the Franklin county contract and lien records a certain instrument in writing signed by the plaintiff and others, which contract relates to land in said county. It is further alleged the defendant had no interest in the land described in the petition by reason of said instrument; that said instrument had long since been canceled, and is now of no force or effect, but defendant is asserting title to the mineral estate in the above land. The petition prayed judgment for title and possession of the land described in the petition and cancellation of the instrument described and the record thereof, and for damages in the sum of $5,000.

This suit is not an action to rescind a partnership agreement as certain of the propositions submitted by appellant assert. Another proposition asserts the evidence shows the contract above described was made in Ellis county and there performed by the defendant. It is immaterial where the contract was made and performed. Other propositions submitted in appellant's brief are founded upon an entirely erroneous conception of the nature of appellee's suit. The suit is one for the recovery of lands and to quiet the title thereto and to recover damages. The undisputed evidence shows the land in question is situate in Franklin county, and the suit was plainly maintainable in that county under the fourteenth subdivision of the venue statute, article 1995, R.S. Smith v. Abernathy, Tex.Civ.App., 6 S.W.2d 147; subdivision 14, article 1995, R.S.C.; Texas Co. v. Tankersley, Tex.Civ.App., 229 S.W. 672; Liles v. McDonald, Tex.Civ.App., 63 S.W.2d 886; Rado Refining & Producing Co. v. Lucas, Tex.Civ.App., 93 S.W.2d 613.

Affirmed.